## STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

## James L. ZAHORSKY, Respondent.

### SCBD No. 2568.

Supreme Court of Oklahoma.

July 26, 1977.

Rehearing Denied Sept. 29, 1977.

Paul M. Vassar, Gen. Counsel, Oklahoma Bar Assn., Oklahoma City, for complainant.

Clarence P. Green, Oklahoma City, for respondent.

DOOLIN, Justice.

The Oklahoma Bar Association (Association) made formal complaint against respondent, charging him with professional misconduct consisting of the act of committing perjury while appearing as a witness in the District Court of Custer County. The proceeding involved the conservatorship of Faye Cross, now deceased whom respondent had previously represented.

In the conservatorship proceeding, respondent testified Mrs. Cross had lent him $2,500.00; that he had repaid the loan and that he would furnish the cancelled checks to the court as proof of payment.

---

The court ordered respondent to submit the cancelled checks or other documents which would show the loan had been repaid. Respondent failed to produce the required evidence.

Following the death of Mrs. Cross, the co-administratrices of her estate filed suit against respondent on the note and took a default judgment. The Association later advised respondent that it was conducting an investigation into allegations of professional misconduct against him and requested he furnish proof of repayment. When he failed to respond to the Association's request the present complaint was filed.

At the hearing before the Association's trial authority respondent, for the first time, testified the loan had been forgiven and the note returned to him by Mrs. Cross before her death.

The trial authority found respondent's testimony given in the conservatorship proceeding that he had repaid the loan by checks was false, untrue and perjured and that at the time of the perjured testimony respondent knew his testimony was false. On the basis of this finding trial authority recommended respondent should be disbarred from the practice of law.

The Association bases its recommendation on fact the statements made by respondent in the conservatorship proceeding were totally inconsistent with the statements he made at the hearing before the trial authority. Our criminal statutes define perjury at 21 O.S.1971 § 491.[1] 21 O.S.1971 § 496 further provides:

"Contradictory statements as perjury. Whoever, in one or more trials, hearings, investigations, depositions, certifications or declarations, in which the making or subscribing of statements is required or authorized by law, makes or subscribes two or more statements under oath, affir-

mation or other legally binding assertion that the statements are true, when in fact two or more of the statements contradict each other, is guilty of perjury."

Respondent does not deny his testimony is contradictory. He submits he was under considerable strain at the time of the conservatorship proceeding as well as being at odds with the trial judge. He argues the trial authority's harsh recommendation is a punitive measure designed to punish him for an unfounded and unproved accusation that he was attempting to steal from his client, rather than being a disciplinary procedure because of his perjury. He charges the trial authority ignored his testimony the note had been forgiven. He submits the alleged perjured testimony was a result of his emotional problems and was given without an intent to deceive. He asks that the recommendation be modified to a lesser punishment such as a reprimand.

█ It is proper in disciplinary proceedings where no conviction has been sustained to consider the evidence surrounding the misconduct for the purpose of determining appropriate discipline. We reiterated this principle in *State ex rel. Oklahoma Bar Association v. Gresham*, 556 P.2d 264 (Okl. 1976) wherein this court imposed a four year suspension rather than disbarment. Gresham had received a federal sentence for knowingly making false declarations while under oath before a grand jury. This court found in the Gresham case that there were mitigating circumstances shown which caused the court to suspend Gresham for four (4) years rather than disbar him.

█ Accordingly, it is proper for us to examine the circumstances involving the misconduct of respondent Zahorsky. We agree with the trial authority that he should be disbarred. His perjured testimo-

---

1. "Perjury defined—Defense.—Whoever, in a trial, hearing, investigation, deposition, certification or declaration, in which the making or subscribing of a statement is required or authorized by law, makes or subscribes a statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury. It shall be a defense to the charge of perjury as defined in this section that the statement is true." There were no criminal charges made under this statute.

ny evidenced an effort to acquire pecuniary gain and an intent to protect himself at the expense of a client. His testimony during the hearing before the trial authority was self-serving and did not exonerate his behavior or his perjury.

Trial authority's recommendation is approved and respondent is hereby disbarred from the practice of law in the State of Oklahoma.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, IRWIN, BERRY and BARNES, JJ., concur.