**STATE of Oklahoma ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Georgina B. LANDMAN, Respondent.**

**OBAD No. 905.**
**SCBD No. 3567.**

Supreme Court of Oklahoma.

Dec. 18, 1989.

**MEMORANDUM OPINION BY ORDER**

On consideration of:

a) the Oklahoma Bar Association's Amended Complaint,

b) the respondent's Answer, and

c) the Proposed Stipulations Of Fact And Conclusions Of Law With Agreed Recommendation For Discipline and waiver of briefs,

THE COURT FINDS AND HOLDS:

1) The Oklahoma Bar Association [Bar] charged the respondent with five counts of professional misconduct, the last of which it agrees to dismiss, accomplished as follows:

*Count 1*—by neglecting legal matters entrusted to her in a divorce suit; and by not timely filing a motion for deficiency in a foreclosure proceeding involving spousal property in violation of DR 6–101(A)(3), Code of Professional Responsibility, 5 O.S.1981, Ch. 1, App. 3;

*Count 2*—by neglecting legal matters entrusted to her in an employment discrimination/termination matter; and by failing to return original documents to the client upon her request in violation of DR 6–101(A)(3) and DR 9–102(B)(4), Code of Professional Responsibility, 5 O.S. 1981, Ch. 1, App. 3;

*Count 3*—by neglecting legal matters entrusted to her in a district court appeal to review the client's denial of unemployment benefits; and by failing to withdraw from a case after being discharged by the client in violation of DR 6–

101(A)(3) and DR 2–111(B)(4), Code of Professional Responsibility, 5 O.S.1981, Ch. 1, App. 3;

*Count 4*—by neglecting legal matters entrusted to her in an administrative hearing and subsequent district court appeal in that she failed timely to seek counsel fee award for her client as the prevailing party in violation of DR 6–101(A)(3), Code of Professional Responsibility, 5 O.S.1981, Ch. 1, App. 3.

*Count 5*—by failing to give notice to all the creditors that a dismissal of bankruptcy had been filed and by sending, to an "administrative hearing concerning the back child support", associate counsel unfamiliar with the client's case; from the record it would appear that respondent's answer asserting that all known creditors were notified and that other counsel were familiar with the case was accepted as true by the assigned panel of the Professional Responsibility Tribunal [PRT].

2) Respondent and Bar entered into written stipulations of fact and conclusions of law with an agreement on the sanction of public censure to be imposed for the discipline-warranting professional misconduct; the proposed stipulation was approved by the PRT panel;

3) Public censure is the appropriate professional discipline to be imposed for the respondent's dereliction here under consideration. Neglect of a client's legal business is a serious breach of a lawyer's duty. The State Constitution reposes in this court the onerous responsibility of providing the public with an effective shield from lawyers who prove themselves unworthy of their license. The dereliction of which the respondent has been adjudged draws into question her continued fitness to represent—with loyalty, diligence and vigor—those who might place their affairs in her hands in reliance upon this court's certificate of license which bears her name. Today's public reprimand is not to be mistaken for leniency or for the court's underestimation of the gravity of the offense. In imposing upon respondent this very mild form of discipline, the court took account of several mitigating circumstances:

a) respondent's unblemished past record of some 14 years as a legal practitioner;

b) her acknowledgment of responsibility for the professional misconduct and her cooperation with the bar authorities in a quick solution of the complaint;

c) personal tragedies affecting the lives of respondent's stepdaughter, sister and herself, which occurred not too long before the events charged in the counts took place;

d) respondent's quick implementation of those changes in her legal practice which are designed to prevent the occurrence of like problems in the future—a better docketing system, reduction in her personal caseload and diminished supervisory responsibilities.

4) Respondent's name, Georgina B. Landman, is as it appears upon the official roster maintained by the Oklahoma Bar Association, and her address is 1921 South Boston, Tulsa, Oklahoma, 74119;

5) The costs of the transcript and of this disciplinary proceeding shall be borne by respondent and must be remitted as a condition of her continued practice of law.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 18th DAY OF DECEMBER, 1989.

OPALA, V.C.J., and HODGES, LAVENDER, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., and SIMMS, J., dissent.