STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Edward E. GLASS, Respondent.

SCBD No. 3777.

Supreme Court of Oklahoma.

April 21, 1992.

---

## ORDER IMPOSING DISCIPLINE

This matter is before us for imposition of final discipline. Proposed Stipulations of Fact and Conclusions of Law with Agreed Recommendation for Discipline have been entered into by complainant and respondent. The stipulations and recommendation have been accepted and approved by the Trial Panel of the Professional Responsibility Tribunal (PRT). The parties have filed a joint waiver of briefs and have requested this Court to follow the recommendation of the PRT.

By virtue of a four (4) count complaint respondent was charged with misconduct warranting professional discipline. The stipulations respondent agreed to are substantially as follows:

### AGREED FINDINGS OF FACT AS TO COUNT I

1. Linda McKnight ("McKnight") filed for divorce in July, 1986. A trial date was obtained and because her current attorney had another trial set, McKnight retained respondent on or about June 24, 1988, and paid him one thousand dollars ($1,000) to finish her divorce. Tulsa County case no. JFD–86–5046.

2. McKnight's divorce was granted in July, 1988. Pursuant to the decree, McKnight received temporary custody of the parties' minor child and final custody was to be reviewed on October 27, 1988.

3. On October 27, 1988, Steven Peters ("Peters"), attorney for John McKnight, filed a Joint Custody Plan.

4. On November 3, 1988, a review of custody hearing was begun but had to be continued, upon request of respondent, because McKnight was physically and mentally unable to proceed. The custody matter then sat dormant for approximately one year.

5. In the fall of 1989, McKnight terminated respondent from her case. Respondent, however, did not file a motion to withdraw in JFD–86–5046.

6. On October 30, 1989, Peters filed an application to set the custody matter for hearing, and because respondent was still listed as the attorney of record, Peters sent notice to respondent at his roster address by certified mail, including the application telling respondent of the November 28, 1989, pre-trial. The letter was returned because respondent had moved leaving no forwarding address.

7. Although neither respondent nor McKnight appeared for the pre-trial, the matter was set for hearing on January 10, 1990.

8. Because respondent was still listed as attorney of record, Peters again sent notice by certified mail to respondent at his roster address concerning the January 10, 1990, hearing. Peters also sent notice by certified mail to McKnight advising her of the hearing date. Peters told McKnight her failure to appear could result in a default judgment against her, and advised her to have her attorney contact him if there were questions or that she could contact him directly if she was no longer represented by counsel.

9. McKnight notified Peters she would appear in the matter pro se.

10. Respondent never filed a motion to withdraw in JFD–86–5046.

### AGREED CONCLUSIONS OF LAW AS TO COUNT I

Respondent's conduct constitutes grounds for professional discipline and violated the mandatory provisions of Rule 1.16(a)(5), Oklahoma Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A, to wit:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> (5) the lawyer is discharged.

The allegations of count 1 of the complaint against respondent as they pertain to Rules 1.3 (diligence) and 1.5 (fees) of the Oklahoma Rules of Professional Conduct are dismissed.

## AGREED FINDINGS OF FACT AS TO COUNTS II AND III

1. On or about September 7, 1990, the Office of the General Counsel at the Oklahoma Bar Association received from the Tulsa County Bar Association a written grievance from Linda McKnight against respondent, the substance of which is set out in count I.

2. Also, on or about September 7, 1990, the Office of the General Counsel received from the Tulsa County Bar Association a written grievance from Traci Roberson against respondent.

3. On October 5, 1990, pursuant to Rule 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, the Office of the General Counsel mailed a letter to respondent at his current roster address advising him of the grievances, enclosing copies of the written grievances, and further advising him he was required to file written responses to each within twenty (20) days as provided by Rule 5.2.

4. On October 30, 1990, the Office of the General Counsel mailed a second letter to respondent at his current roster address advising him to respond to the grievances within five (5) days of the receipt of the letter or issuance of a subpoena would result.

5. On December 5, 1990, respondent was served with a subpoena to take his deposition on December 12, 1990.

6. At respondent's request, his deposition was continued until December 18, 1990.

7. On December 17, 1990, respondent's responses were received by the Office of the General Counsel.

8. On December 19, 1990, respondent appeared and gave his deposition in the matters.

## AGREED CONCLUSIONS OF LAW AS TO COUNTS II AND III

Respondent's failure to timely submit his written responses violated the provisions of Rule 5.2, Rules Governing Disciplinary Proceedings and constitutes grounds for professional discipline.

## AGREED FINDINGS AS TO COUNT IV

1. On December 16, 1988, in OBAD # 897, respondent received a private reprimand from the Professional Responsibility Commission [1] for violating the provisions of Canons 6 and 7, Code of Professional Responsibility, 5 O.S.1981, Ch. 1, App. 3, which provide respectively, a lawyer should represent a client competently and a lawyer should represent a client zealously, within the bounds of the law.[2]

2. On June 26, 1986, in OBAD # 743, respondent received a private reprimand from the Professional Responsibility Commission for violating the provisions of Canons 1, 6 and 7 of the Code of Professional Responsibility and Rule 5.2, Rules Governing Disciplinary Proceedings.[3]

## AGREED RECOMMENDATION FOR DISCIPLINE

Respondent shall be publicly censured. Respondent shall be liable for costs of this disciplinary proceeding and such costs shall be paid by respondent as a condition of respondent's right to continue to practice law.

---

1. Rule 5.3 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, concerns the actions which may be taken by the Professional Responsibility Commission (PRC) in regard to a lawyer when the PRC is presented with a report of investigation and recommendation from the General Counsel in a disciplinary matter. Rule 5.3(c) provides one of the options is to direct that no formal proceedings be instituted against an attorney, conditioned on the lawyer's acceptance of a private reprimand before the PRC.

2. The misconduct involved three separate instances of neglect, one of which was failing to file a matter before the statute of limitations ran.

3. Canon 1 provides a lawyer should assist in maintaining the integrity and competence of the legal profession. The misconduct involved delaying the filing of a motion to modify his client's temporary child support obligation until after the client was arrested for non-payment, even though respondent was aware of the client's adverse change of financial position and failing to timely respond to a grievance.

Our review of the matter indicates respondent voluntarily of his own free will and knowingly agreed to the proposed stipulations and there is a factual basis therefore. After independent review of the matter we determine respondent has engaged in professional misconduct warranting discipline and that the recommendation of the PRT should be followed.

IT IS THEREFORE ORDERED that the Proposed Stipulations of Fact and Conclusions of Law with Agreed Recommendation for Discipline, be hereby approved and respondent, Edward E. Glass, upon publication of this Order Imposing Discipline in the official reporter shall stand publicly censured.

IT IS FURTHER ORDERED respondent pay the costs of this matter in the amount of $172.70 within thirty (30) days from the date this order becomes final as a condition precedent to his continued right to practice law.

HODGES, V.C.J., and LAVENDER, HARGRAVE, WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, C.J., dissents. I would impose a disciplinary sanction by a brief period of suspension.