1997 OK 64

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Marjorie PATMON, Respondent.**

**No. SCBD 4166.**

Supreme Court of Oklahoma.

May 6, 1997.

Rehearing Denied June 30, 1997.

As Corrected Aug. 21, 1997.

---

1156

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Complainant.

Marjorie Patmon, Oklahoma City, Pro Se.

## OPINION

**PER CURIAM.**

¶1 On April 11, 1996, the Oklahoma Bar Association filed a complaint against respondent, Marjorie Patmon, alleging four counts of professional misconduct. At respondent's hearing, both parties presented evidence concerning the charges. The trial panel was also advised that respondent had previously received a private reprimand from this Court for misconduct involving neglect. The panel found that each of the allegations was proved by clear and convincing evidence, and recommended that respondent be suspended from the practice of law for a period of four years. The panel also recommended that respondent pay the costs of this proceeding.

¶2 In bar disciplinary proceedings, this Court exercises exclusive original jurisdiction as a licensing court. *State ex rel. Oklahoma Bar Ass'n v. Gasaway,* 810 P.2d 826, 830 (Okla.1991). Although the trial panel's recommendations are afforded great weight, the ultimate responsibility for deciding whether misconduct has occurred and what discipline is appropriate rests with this Court. *Id.* "Before we may impose discipline upon an attorney, the charges must be established by clear and convincing evidence." *Id.*; *State ex rel. Oklahoma Bar Ass'n v. Braswell,* 663 P.2d 1228, 1232 (Okla. 1983). Upon *de novo* review of the record, we find respondent violated numerous rules of professional conduct and rules governing disciplinary proceedings. The facts in support of each count alleged in the OBA's Complaint, as well as an analysis of each rule violation, is set forth below.

## COUNT I

¶3 Between October 12th and 19th, 1995, respondent issued three checks drawn on her Client Trust Account to the Oklahoma County Court Clerk for various court costs. All three checks were returned unpaid due to insufficient funds in the account. Respondent eventually honored the checks. The amounts originally tendered by respondent to the Court Clerk were from deposits into her Trust Account by other clients for other purposes; the clients for whom the checks were written had not given respondent any money to cover the expenses before the checks were issued. We find such conduct violates Rule 1.4(b) of the *Rules Governing Disciplinary Proceedings* ("RGDP"), 5 O.S. 1991, Ch. 1, App. 1–A, and Rules 1.15 and 8.4(c) of the *Oklahoma Rules of Professional Conduct* ("ORPC"), 5 O.S.1991, App. 3–A.

¶4 Rule 1.4(b) states in relevant part, "Where money or other property has been entrusted to any attorney for a specific purpose, [s]he must apply it to that purpose." Rule 1.15 dictates the proper use of client trust accounts, including the directive that lawyers "should hold property of others with the care required of a professional fiduciary." Rule 1.15 *Comment.* In *State ex rel. Oklahoma Bar Ass'n v. Perkins,* 757 P.2d 825, 832 (Okla.1988), we emphasized that, "Where a client gives money to a lawyer for a specific purpose, . . . those funds belong to the client and not the lawyer." Under Rule 1.4(b), a "simple conversion occurs when a lawyer applies a client's money to a purpose other than that for which it was entrusted to her." *State ex rel. Oklahoma Bar Ass'n v. Cummings,* 863 P.2d 1164, 1173 (Okla.1993) (footnote omitted). Respondent violated these rules by issuing checks from her Trust Account drawn against funds collected from other clients for other purposes.

¶5 We also find that respondent violated Rule 8.4(c) by issuing "insufficient funds" checks to the Court Clerk.[1] Rule

1. The fact that respondent was not charged by the OBA with violating this Rule is irrelevant. "The Bar need only plead sufficient facts that will put the accused attorney on notice of the charges and give [her] an opportunity to respond to the facts alleged." *State ex rel. Oklahoma Bar*

8.4(c) states, "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation...."

"[The] issuance of such checks manifests an abiding disregard of 'the fundamental rule of ethics—that of common honesty—without which the profession is worse than valueless in the place it holds in the administration of justice.'" (citations omitted)

*State ex rel. Oklahoma Bar Ass'n v. Smith,* 615 P.2d 1014, 1018 (Okla.1980), quoting *Hamilton v. State Bar of California,* 23 Cal.3d 868, 153 Cal.Rptr. 602, 605, 591 P.2d 1254, 1257 (1979).

## COUNT II

█ ¶ 6 On June 17, 1991, respondent filed a Motion to Modify Decree and Terminate Parental Rights on behalf of the father in the District Court of Kingfisher County. A hearing on the motion was held on April 13, 1994. With both parties and opposing counsel in attendance, the court denied the motion and passed the issue of child support to June 15, 1994.

¶ 7 On or about June 14th, respondent verbally requested a continuance from the judge and opposing counsel. Opposing counsel would not agree to the continuance and the judge denied the same. Not only did respondent fail to appear for the hearing, she also instructed her client not to appear. Despite their absence, the hearing was held as scheduled. After considering testimony and exhibits, the court entered an order modifying support. On July 8, 1994, respondent filed a Motion to Vacate and a Motion for Change of Venue, alleging that the district court was biased and prejudiced against her.

¶ 8 Three days later, while her motions were still pending in Kingfisher County, respondent filed a Petition to Terminate Parental Rights in Oklahoma County District Court on behalf of the same client. The motion filed in Kingfisher County and the petition filed in Oklahoma County are virtu-

ally identical. Both pleadings involve the same parties, the same child and the same prayer for relief. Furthermore, the petition filed in Oklahoma County did not contain an affidavit as required by § 511 of the Uniform Child Custody Jurisdiction Act, 43 O.S.1991 § 501, et seq. Section 511(A) requires that the affidavit apprize the court of any other litigation, pending or concluded, concerning the custody of the same child. The Oklahoma County District Court dismissed the petition on the grounds of res judicata.

¶ 9 We find that respondent's actions violated ORPC Rules 3.1, 4.4 and 8.4(d). Rule 3.1 states is relevant part:

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

Rule 4.4 provides, *inter alia,* "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person...." Rule 8.4(d) states, "It is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice...."

¶ 10 We believe the Report of the Trial Panel accurately characterized respondent's misconduct as follows:

The Respondent sought relief in Oklahoma County only after, and as a direct consequence of, the adverse rulings of the Court in Kingfisher County. The filing of the Petition in Oklahoma County was a poorly concealed attempt by the Respondent to circumvent the Order entered in Kingfisher County.

Respondent's filing of the Oklahoma County pleading was frivolous, designed to burden opposing party and counsel, and was prejudicial to the administration of justice.

---

*Ass'n v. Johnston,* 863 P.2d 1136, 1143 (Okla. 1993). RGDP Rule 6.2, which governs the contents of disciplinary complaints, requires only "that the specific facts be set forth, and does not require the lawyer to be notified of the specific

disciplinary rule that such conduct violates." *State ex rel. Oklahoma Bar Ass'n v. Moss,* 794 P.2d 403, 407 (Okla.1990). The complaint against respondent contained sufficient facts to apprize her of the pending charges.

## COUNT III

¶ 11 On June 3, 1992, respondent filed an action in the United States District Court for the Western District of Oklahoma on behalf of several plaintiffs against the City of Oklahoma City and various other defendants. The suit was eventually dismissed with prejudice and respondent was sanctioned by the court for her conduct therein. As detailed by testimony, exhibits and the federal court's dismissal order, the proceedings were fraught with respondent's professional misconduct. The following facts highlight respondent's transgressions.

¶ 12 In the complaint filed in federal court, respondent affirmed that she had given notice of a claim to the City of Oklahoma City pursuant to the Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq. Respondent had not given such notice, thereby barring relief for any cause of action against the City of Oklahoma City. A substantial portion of the plaintiffs' claims were indeed later dismissed for failure to comply with the Act.

¶ 13 On October 19, 1992, the court ordered respondent to move for a class action determination no later than November 2, 1992. Respondent failed to respond to that order. On January 12, 1993, the court determined that the class action request had been waived and was stricken. On February 11, 1993, respondent filed a motion to vacate the January 12th order, claiming she had not received a copy of the briefing schedule until January 13, 1993. Noting that respondent thereby admitted that she waited an additional month to respond after purportedly receiving the briefing schedule, the court denied the motion to vacate and described the motion as within "the realm of frivolity."

¶ 14 On April 21, 1993, the court dismissed a claim against one of the defendants on statute of limitations grounds. Noting that respondent had failed to dispute or even address the argument that the claims against that defendant had expired more than three years earlier, the court found the claim "was frivolous, as was [respondent's] Response Brief to the Motion to Dismiss." At her disciplinary hearing, respondent insisted that her clients were exempt from that particular statute of limitations and that "the judge was wrong."

¶ 15 On May 24, 1993, the court ordered respondent to file a Second Amended Complaint within fifteen days. Respondent failed to comply with the order. Four months later, two of the defendants received a purported Second Amended Complaint in the mail. The Complaint was never filed with the court. The judge found such conduct violated the Federal Rules of Civil Procedure and the court's local rules. Respondent asserted that she did not mail the Second Amended Complaint and did not know how opposing counsel could have received it.

¶ 16 Respondent was served with interrogatories on July 18, 1994. She forwarded them to her clients shortly thereafter and eventually prepared the answers, which bear her clients' notarized signatures dated October 21, 1993. Those answers were never forwarded to opposing counsel or filed with the court.

¶ 17 On August 18, 1993, respondent filed a "Joint Application for an Extention of Time" in which to respond to the interrogatories. The court found the motion was improperly styled as a "joint" application because the defendants had not joined in the request. On August 30, 1993, the court denied the application, noting the style as "misleading." At her hearing, respondent questioned the validity of her signature on the application and speculated that her secretary may have signed it for her. Respondent testified that her secretaries signed her signature "all the time" and that "[i]f its something simple," she allows her secretary to sign off on and file in court pleadings which respondent does not review. Respondent blamed her secretary for mislabeling the application at issue here.

¶ 18 When respondent failed to respond to discovery requests, the defendants filed a motion to compel. Respondent did not respond to the motion and it was deemed confessed. In its order of October 6, 1993, the court found that the "failure to respond to defendant's request for discovery materials constitutes discovery abuse, and the failure to respond to the motion to compel and communicate with opposing counsel is indicative

of bad faith." The court's order directed respondent to answer interrogatories within ten days. She did not. The court found such "inaction in violation of the Court's Order constitutes discovery abuse for the second time regarding the same matter."

¶ 19 The court's October 6th order also directed respondent to show cause within twenty days why she and/or her clients should not be sanctioned for failing to answer interrogatories by the court-imposed deadline. Respondent failed to respond. As the court noted, respondent "made no effort to shield her clients from responsibility for sanctionable conduct." The court eventually imposed sanctions against respondent in the amount of $20,685.00. Respondent denies that she subjected her clients to sanctions because, she claims, she would have paid any client sanction herself. However, as of the date of her disciplinary hearing, respondent had not paid any portion of the sanction.

¶ 20 On January 20, 1994, the federal court dismissed the complaint with prejudice. In addition to detailing respondent's malfeasance throughout litigation, the order noted that respondent also failed to respond to the motion to dismiss. The court concluded that "[b]y her actions throughout this litigation, Ms. Patmon caused the expenditure of additional time and effort by both defendant and the court on frivolous claims."

¶ 21 Respondent testified that in July of 1993, having concluded that the court was biased and prejudiced against her, she devised a "strategy" whereby the federal action would eventually be dismissed and she would thereafter pursue her remedies in state court. However, respondent neglected to inform her clients of this "strategy" or seek their consent to the same, nor did respondent advise opposing counsel or the court of her intentions. Respondent did, apparently, re-file her clients' case in Oklahoma County

District Court.[2] One of the plaintiffs testified that he never authorized respondent to file an action on his behalf in state court and that he did not know such a suit had been filed until minutes before appearing to testify at respondent's disciplinary hearing.

¶ 22 Throughout the course of litigation, respondent failed to keep her clients reasonably informed as to the status of their case and she failed to promptly comply, if at all, with their numerous requests for information. Two clients testified that they tried, without success, to contact respondent some fifty times each. A third client testified that he could never get in touch with respondent. Failure of respondent to communicate was not limited to her clients. Three opposing counsel testified that respondent was difficult, if not impossible, to contact and that the vast majority of all attempted correspondence drew no response. Respondent disputed much of the testimony of her clients and opposing counsel regarding correspondence. She also asserted that, during the entire federal court action, she received only one motion and did not receive copies of numerous court orders.

¶ 23 Finally, respondent failed to adequately respond to three of her clients' demands for an accounting of her services. Of the two clients who received an accounting, one disputed almost all of the billing entries while the other took issue with 30 of 65 entries. The third client never received the accounting he requested. We find by clear and convincing evidence that respondent's conduct surrounding the federal lawsuit violated ORPC Rules 1.1, 1.3, 1.4(a) & (b), 1.5(a), 3.1, 3.2, 3.4(b) & (c), 4.4, 5.3(b), 5.5, and 8.4(a) & (d).

¶ 24 Rule 1.1 states, "A lawyer shall provide competent representation to a client. Competent representation requires the legal

---

**2.** One client, Sherman Carthen, testified at the disciplinary hearing that he was notified regarding, and consented to, respondent refiling his case in state court. However, there was some confusion as to the status of that litigation on the date of the hearing, July 22, 1996. Mr. Carthen testified that, according to respondent, the action was then pending in state district court. Respondent denied telling Mr. Carthen that the case was still at the district court level and she testi-

fied that the case was then pending on appeal. Court records show that Mr. Carthen's case was finally disposed of on January 23, 1996, six months before the hearing. *Carthen v. City of Oklahoma City, et al.*, Case No. 85,921, 67 OBJ 458 (Okla.App.1996) (unpublished opinion affirming an order of the District Court of Oklahoma County which had dismissed Mr. Carthen's action). The status of any of the other plaintiffs' cases was not disclosed.

knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." Rule 1.3 provides, "A lawyer shall act with reasonable diligence and promptness in representing a client." Rule 3.2 states, "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Respondent's neglect of her clients' affairs clearly demonstrate violations of these Rules. Respondent did not provide her clients' competent representation, she was neither diligent nor prompt during such representation, and she made little, if any, effort to expedite their litigation.

¶ 25 Respondent's failure to adequately communicate with her clients constituted violations of both provisions of Rule 1.4, which provide:

> (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

> (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Respondent did not keep her clients informed regarding the status of their case and she failed to respond to numerous attempts to contact her. This inaction compelled two clients to personally seek out and review the court clerk's file to determine the status of their lawsuit. Two particularly egregious violations of Rule 1.4(b) occurred when respondent failed to obtain her clients' consent to the alleged "strategy" concerning dismissal of their action and when she failed to notify her clients that they could be personally sanctioned by the court

¶ 26 We also find that respondent's fees were unreasonable under Rule 1.5(a). The factors to be considered in determining the reasonableness of a fee under Rule 1.5(a) include "the time and labor required, . . . the skill requisite to perform the legal service properly . . . and the results obtained. . . ." Respondent's utter disregard of the court's orders, discovery requests and filing deadlines resulted in the dismissal—with prejudice—of her clients' case. Having examined all of the factors set forth in Rule 1.5(a) in light of respondent's conduct, we conclude that the fees paid her were excessive.

■ ¶ 27 Respondent "knowingly disobey[ed] an obligation under the rules of [the federal court]" in violation of Rule 3.4(c). She "fail[ed] to make reasonably diligent effort to comply with . . . legally proper discovery request[s] by an opposing party" in violation of Rule 3.4(d). She violated Rule 3.1, *supra.*, by bringing a frivolous claim, which also contravened the prohibition of Rule 4.4, *supra.*, against using means to "embarrass, delay, or burden a third person. . . ." That conduct, coupled with respondent's actions in dragging out litigation that resulted in the unnecessary expenditure of time and money by both the court and opposing parties, amounted to conduct prejudicial to the administration of justice in violation of Rule 8.4(d), *supra.*

■ ¶ 28 Rule 5.3(b) states that a lawyer who employs and directly supervises a nonlawyer "shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer. . . ." Respondent violated this rule by, according to her own testimony, permitting her secretary to file a misleading motion. Such actions also violated Rule 8.4(a), which provides that "It is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another . . . ." and Rule 5.5, which states that "A lawyer shall not . . . assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law." [3]

## COUNT IV

■ ¶ 29 On January 25, 1994, the OBA mailed respondent a letter notifying her of the grievance concerning the federal lawsuit. Respondent filed a timely written response to the letter but, because the response failed

---

**3.** The fact that respondent was not charged with violating Rule 5.5(b) is irrelevant. *See* note 1, *supra.*

to document various items, the OBA requested a supplemental response from respondent on February 12, 1994. Respondent failed to respond to that request or to a second request mailed on May 4, 1994. On June 1, 1994, the OBA mailed Respondent a certified letter directing her to contact the Office of the General Counsel within five days. Respondent acknowledged receipt of the letter but failed to contact the General Counsel's Office.

¶ 30 On August 24, 1994, the OBA mailed respondent a letter notifying her of the grievance concerning the Kingfisher County matter and advising her of the necessity to file a written response within twenty days. Respondent acknowledged receipt of the letter but failed to respond. On September 30, 1994, the OBA mailed respondent a certified letter directing her to contact the General Counsel's Office within five days. Respondent received the letter but failed to respond.

¶ 31 RGDP Rule 5.2 mandates that a lawyer who has been served a copy of a grievance by the General Counsel:

> [S]hall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct unless the respondent's refusal to do so is predicated upon expressed constitutional grounds.... The failure of a lawyer to answer within twenty (20) days after service of the grievance ..., or such further time as may be granted by the General Counsel, shall be grounds for discipline....

ORPC Rule 8.1(b) states in pertinent part that a lawyer in connection with a disciplinary matter shall not "knowingly fail to respond to a lawful demand for information from [a] ... disciplinary authority...." Respondent's failure to properly respond to the grievances clearly violated these rules.

### DISCIPLINE

¶ 32 We begin our analysis regarding appropriate punishment by emphasizing that respondent has previously been disciplined by this Court for misconduct involving neglect. On October 11, 1993, in SCBD No. 3759, we issued respondent a private reprimand and ordered her to pay restitution. The case before us presents far more serious violations than those previously addressed and, accordingly, warrant more severe discipline. We also find that respondent's conduct during this proceeding, as detailed below, militates against leniency.

¶ 33 On April 29, 1996, respondent was personally served with the complaint in this proceeding, along with a request for production of documents and interrogatories. A response to the discovery requests was due by May 29, 1996. Respondent did not respond or request an extension of time. On the OBA's motion, the Trial Panel issued an order on July 3, 1996, directing respondent to respond to the discovery requests by July 10, 1996. Respondent delivered her response, incomplete and inadequate, on July 18, 1996. Following the Trial Panel's directive, respondent provided a complete and adequate response the following afternoon.

¶ 34 During the course of her disciplinary hearing, respondent advised the trial panel that she had, earlier that afternoon, released all of her available witnesses because she thought the hearing would not extend past 5:00 p.m. The hearing was recessed several times to permit respondent the opportunity to contact her witnesses, all of whom were residents of the Oklahoma City area. Respondent finally announced that she would call only five of her eleven proposed witnesses. Three witnesses appeared and testified on respondent's behalf. Respondent was unable to contact the two remaining witnesses.

¶ 35 Over the OBA's objection, the Trial Panel granted respondent the opportunity to present the testimony of the two unavailable witnesses by affidavit. Respondent was directed to file those affidavits *with this Court* by July 26, 1996. On that date, respondent delivered the affidavit of one witness to the office of the OBA. She delivered the affidavit of the other witness to the OBA on August 2, 1996. The affidavits were filed with this Court—on respondent's behalf—by the OBA.

¶ 36 The trial panel concluded, and we agree, that respondent consistently failed to

comply in a timely and proper manner with orders of the tribunal and has displayed an almost calculated indifference or refusal to acknowledge the seriousness of the grievances leveled against her. Indicative of respondent's indifference was her proposed findings of fact and conclusions of law submitted to the panel, which contained a multitude of evidence and arguments that were not presented at her hearing. Respondent's brief before this Court is similarly replete with misrepresentations of fact and references to matters outside the record. The trial panel extended every consideration to respondent. Her intimations to the contrary are groundless.

¶ 37 The primary purpose of disciplinary proceedings is not punishment of the involved attorney, but preservation of public confidence in the legal profession and in the judiciary that licenses them. *State ex rel. Oklahoma Bar Ass'n v. English*, 853 P.2d 173, 176 (Okla.1993); *State ex rel. Oklahoma Bar Ass'n v. Raskin*, 642 P.2d 262, 267 (Okla. 1982). Upon consideration of the offenses committed herein, respondent's prior acts of misconduct, and of her inappropriate actions surrounding this proceeding, we find that the public would be best served by imposition of a suspension of two years and one day. *See State ex rel. Oklahoma Bar Ass'n v. Evans*, 880 P.2d 333 (Okla.1994) (attorney suspended for two years and one day for failure to provide competent representation, failure to act diligently and promptly, failure to communicate with clients and failure to respond to OBA inquiries). Respondent is further ordered to pay the costs of this proceeding in the amount of $3,289.18 within thirty days of the date this opinion becomes final.

¶ 38 RESPONDENT SUSPENDED FOR TWO YEARS AND ONE DAY, AND ORDERED TO PAY COSTS.

¶ 39 KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER and WILSON, JJ., concur.

¶ 40 WATT, J., with whom HARGRAVE, J. joins, concur in part, dissent in part.

¶ 41 SIMMS and OPALA, JJ., disqualified.

¶ WATT, Justice, with whom HARGRAVE, Justice, joins, concur in part, dissent in part:

¶ I would disbar respondent from the practice of law.