2001 OK 26

**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,**

v.

**Eric B. BOLUSKY, Respondent.**

**Nos. SCBD–4488, OBAD–1416.**

Supreme Court of Oklahoma.

March 13, 2001.

Rehearing Denied April 23, 2001.

---

1. *Tulsa Co. F.O.P., Lodge No. 188 v. Board of County Commissioners of Tulsa Co.,* 2000 OK 2,

995 P.2d 1124.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for complainant.

Eric B. Bolusky, pro se, Tulsa, OK, for respondent.

SUMMERS, J.

¶1 The Oklahoma Bar Association filed a complaint in this Court alleging that Respondent, Eric B. Bolusky, committed certain acts that violated the Rules of Professional Conduct, 5 O.S.1991 Ch. 1, App. 3–A, and Rule 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App. 1–A. The Bar Association struck some of the allegations before the trial panel, Respondent and Bar Association stipulated to some of the

facts, and they stipulated that Respondent violated certain rules. A hearing was held before a trial panel of the Professional Responsibility Tribunal. The trial panel recommended a suspension of two years and one day. Respondent states that the proper discipline is either reprimand, public censure, or a short suspension. Counsel for the Bar urges disbarment. We suspend Respondent for two years and one day beginning on the date this opinion is final.

*Count I*

¶2 In 1992 Respondent was hired by Wayne Morgan to file and prosecute a suit based upon a loss of property at the hands of his landlord. The case was dismissed in 1996 for failure to prosecute and respond to discovery, but the dismissal was thereafter caused to be vacated by Respondent. A scheduling order issued in 1997, and Respondent failed to comply with its deadlines. Respondent declined to promptly comply with client's requests for information on the status of the case. Respondent told Morgan of hearing dates that were imminent, but this was not true. Morgan delivered to Respondent an inventory and photographs of personal property to be used in the case.

¶3 In 1998 Morgan requested how much it would cost to get the information returned. Respondent replied that he would "think about it" and "get back to him", but he never did. Morgan hired another lawyer. In October 1998 Morgan's new lawyer sent a certified letter to Respondent requesting that Morgan's file be given to him. After the Bar deposed Respondent on this matter in 1999 he provided the file to Morgan's lawyer.

¶4 The Bar argues that Respondent's conduct violated Rules 1.1, 1.3, 1.4, 1.16(d) and 8.4(c) of the Rules of Professional Conduct, 5 O.S.1991 Ch. 1, App. 3–A.[1] In *State*

---

1. 5 O.S.1991 Ch. 1, App. 3–A., Rules of Professional Conduct.

Rule 1.1. Competence
A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

Rule 1.3. Diligence

A lawyer shall act with reasonable diligence and promptness in representing a client.

Rule 1.4. Communication
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to

*ex rel. Oklahoma Bar Association v. Johnston*, 1993 OK 91, 863 P.2d 1136, we discussed these first three rules and said that:

> Professional competence — acting promptly on a matter and communication with a, client—is a *mandatory obligation* imposed upon attorneys. Albeit high, this obligation is the *minimum* we expect from a lawyer. It epitomizes professionalism. Anything less is a breach of a lawyer's duty to serve his client. Johnston's failure to maintain these standards—through procrastination and neglectful behavior—warrants imposition of disciplinary sanction

*Id.* 1993 OK 91 at ¶ 28, 863 P.2d at 1145, (note omitted).

The record shows herein that over the course of a few years Respondent failed to expedite the case, and this led to the dismissal of an action for failure to prosecute and respond to discovery. Respondent did cause that dismissal to be vacated, and his client ultimately prevailed due to the efforts of different counsel. We agree that Respondent's conduct in representing Morgan violated Rules 1.1, 1.3, and 1.4.

■ ¶ 5 Rule 1.16 of the Rules of Professional Conduct provides in part that:

> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by law.

Rule 1.16(d), 5 O.S.1991 Ch. 1, App. 3–A.

Respondent simply neglected to act on the request of Morgan's counsel for the return of the information and the file. Morgan eventually received compensation for his claim. The evidence is clear that Respondent knew that his representation was terminated and the new lawyer's request for the file. Respondent raised no defense for failing to deliver possession of the file. The evidence is clear that Respondent violated Rule 1.16(d).

■ ¶ 6 Upon questioning from the Bar and trial panel members, Respondent testified that he did not withdraw from Morgan's case. The Bar introduced as evidence a certified copy of the appearance docket to show that Respondent did not withdraw after being discharged by Morgan. Rule 1.16(a)(5) requires a lawyer to withdraw if "the lawyer is discharged." Further, we have explained that a lawyer may be disciplined for failing to withdraw as required by Rule 1.16(a)(5). *State ex rel. Oklahoma Bar Association v. Glass*, 1992 OK 74, 832 P.2d 831, 832. However, Respondent did not stipulate to a Rule 1.16(a)(5) violation, and the Bar Association did not specifically cite Rule 1.16(a)(5) when questioning Respondent about his failure to withdraw. The trial panel made no finding or recommendation citing Rule 1.16(a)(5).

■ ¶ 7 Findings of fact and recommendations of the Professional Responsibility Tribunal are advisory, being neither binding nor persuasive. *State ex rel. Oklahoma Bar Association v. Doris*, 1999 OK 94, ¶ 3, 991 P.2d 1015; *State ex rel. Oklahoma Bar Association v. Arthur*, 1999 OK 97, ¶ 4, 991 P.2d 1026. We may disagree with the trial panel on whether a rule was violated. *See, e.g., State ex rel. Oklahoma Bar Association v. Busch*, 1998 OK 103, ¶ 48, 976 P.2d 38, 55. We review the evidence *de novo* to determine if the allegations of misconduct are established by clear and convincing evidence. *State ex rel. Oklahoma Bar Association v. Thomas*, 1995 OK 145, ¶ 2, 911 P.2d 907, 909.

■ ¶ 8 Although stipulations of the parties do not control this Court's application of ethical rules to a particular act of lawyer misconduct,[2] those allegations of fact made

---

make informed decisions regarding the representation.

2. When reviewing the evidence *de novo* we include stipulations of fact made by the parties, and we may consider as binding on the parties those stipulations to facts made by them. *State*

*ex rel. Oklahoma Bar Association v. Abbott*, 2000 OK 64, ¶ 15, 11 P.3d 1239, 1241; *State ex rel. Oklahoma Bar Association v. Livshee*, 1994 OK 12, ¶¶ 6–7, 870 P.2d 770, 773–774. However, a stipulation by parties that a particular ethical violation occurred does not limit this Court's analysis to those ethical standards recognized or

by the Bar Association do set certain limits for the proceeding.[3] A lawyer in a disciplinary proceeding receives the protection of the Due Process Clause, and must be given notice of the allegations of misconduct, or the claims of the "opposing party". *State ex rel. Oklahoma Bar Association v. Stow*, 1998 OK 105, ¶¶ 19–21, 975 P.2d 869, 875; *State ex rel. Oklahoma Bar Association v. Lobaugh*, 1988 OK 144, 781 P.2d 806, 811. We find that no notice of a Rule 1.16(a)(5) violation was given to Respondent, and we accordingly conclude that the trial panel evidence and testimony of Respondent's failure to withdraw is insufficient to impose discipline on this ground. *State ex rel. Oklahoma Bar Association v. Stow, supra; State ex rel. Oklahoma Bar Association v. Lobaugh, supra*. See *State ex rel. Oklahoma Bar Association v. Brown*, 1998 OK 123, ¶ 16, 990 P.2d 840, 844, where we said that we did not want to encourage allegations of misconduct being first raised at the trial panel hearing when they could have been pled in the initial complaint.

¶ 9 The parties stipulated that respondent's conduct violated Rule 8.4, and the Complaint alleges a violation of Rule 8.4(c).[4] It is professional misconduct for a lawyer to engage in conduct involving misrepresentation. Here the misrepresentations are Re-

spondent's assurances to his client that his case was advancing to adjudication, when in fact, it was stalled due to Respondent's inattention. When applying Rule 8.4(c) we have explained that a lawyer should not lie to his or her client concerning the status of the client's case. *State ex rel. Oklahoma Bar Association v. Perry*, 1997 OK 29, ¶ 28, 936 P.2d 897, 903. We find the evidence clear and convincing that Respondent violated Rule 8.4(c).

## Count II

¶ 10 The Bar Association received Morgan's grievance in 1998. On November 16, 1998 the Bar requested a response from Respondent. No response was made. On December 2, 1998 another request for a response was made, with a caution that failing to respond would be grounds for discipline. No response to this letter was forthcoming, but on December 28, 1998 Respondent spoke with an investigator from the Bar and requested an additional time of two weeks to respond. No response was made within that period of time. On January 15, 1999 the Bar Association, by certified letter, requested Respondent to respond in writing to the grievance within five days. He was notified that

cited by the parties. *State ex rel. Oklahoma Bar Association v. Caldwell*, 1994 OK 57, ¶ 15, 880 P.2d 349, 354–355; *State ex rel. Oklahoma Bar Association v. Bedford*, 1997 OK 83, ¶ 15, 956 P.2d 148, 152. Our duty to review the facts to determine if an ethical violation occurred is nondelegable. *State ex rel. Oklahoma Bar Association v. Taylor*, 2000 OK 35, ¶ 4, 4 P.3d 1242, 1247; *State ex rel. Oklahoma Bar Association v. Giessmann*, 1997 OK 146, ¶ 11, 948 P.2d 1227, 1229. Once a disciplinary proceeding has been filed in this Court, we do not delegate to the parties together, or the Bar Association by itself, the power to determine, by stipulation or otherwise, that professional ethical rules have, or have not, been violated. Our *de novo* review includes examination of facts, stipulated or not, and a determination of which ethical rules are applicable, regardless of whether the parties have stipulated to a particular rule violation. A stipulation that certain rules were violated informs this Court that a respondent acknowledges participation in unethical conduct, and this is considered when we craft the appropriate discipline. *State ex rel. Oklahoma Bar Association v. Landman*, 1989 OK 162, 784 P.2d 1064, 1065.

3. We need not, and do not, address the circumstances when this Court may remand a proceed-

ing to the Professional Responsibility Tribunal for further disciplinary proceedings based upon either an incomplete record or an insufficient opportunity of a respondent to be heard on allegations of misconduct.

4. 5 O.S.1991 Ch. 1, App. 3–A., Rules of Professional Conduct.

Rule 8.4. Misconduct

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;
(e) state or imply an ability to influence improperly a government agency or official; or
(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

failing to respond would result in the issuance of a subpoena. Respondent accepted the letter on January 19, 1999, and did not respond. The Bar Association caused a subpoena duces tecum to be issued and Respondent's deposition was taken on February 9, 1999.

¶ 11 Rule 5.2 of the Rules Governing Disciplinary Proceedings requires a written response to the allegations of misconduct, and the failure to answer within twenty days after service of the grievance "shall be grounds for discipline." 5 O.S.1991 Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings, Rule 5.2: In *State ex rel. Oklahoma Bar Association v. Taylor*, 2000 OK 35, ¶¶ 24–25, 4 P.3d 1242, 1252, we explained that a lawyer's failure to timely answer a grievance is a violation of Rule 5.2 of the Rules Governing Disciplinary Proceedings, and a ground for imposing discipline. Respondent's failure to respond to the Morgan grievance is a violation of Rule 5.2.

## Count III

¶ 12 After Respondent declined to provide a written response to Morgan's grievance he was deposed by the Bar. The Joint Stipulation states that in the deposition of February 9, 1999, Respondent testified that Morgan "had never requested the file" and that he had satisfactorily addressed new counsel's efforts to procure the file from him. The Stipulation further states that "[t]his testimony was false in that Morgan had repeatedly requested his file." Respondent stipulated that new counsel "repeatedly and unsuccessfully requested the file from the Respondent." After the deposition Respondent "satisfactorily addressed" new counsel's efforts to procure the file.

¶ 13 This Court has condemned a lawyer's act in uttering a falsehood in response to a question in a deposition hearing. *State ex rel. Oklahoma Bar Association v. Elrod*, 1989 OK 99, 780 P.2d 696, 699. In a disciplinary proceeding a lawyer shall not knowingly make a false statement of fact, or fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter. Rule 8.1(a) & (b), Rules of Professional Conduct, 5 O.S.1991

Ch. 1, App. 3–A. Respondent admits that he made a false statement. The statement is material since it relates to the evidence presented by the Bar Association to show a violation of Rule 1.16 of the Rules of Professional Conduct. We conclude that Respondent violated Rule 8.1(a) & (b).

## Count IV

¶ 14 In March of 1999 the Bar Association received a grievance from Mary Fields. Two letters, the latter certified, requesting a response from Respondent were sent March 6, 30, 1999. Respondent accepted the certified letter on March 31, 1999. However he did not reply to either letter. A subpoena duces tecum was issued and Respondent's deposition taken on June 9, 1999. The parties stipulate that this conduct violates Rule 5.2. We agree that Respondent's conduct violated Rule 5.2, 5 O.S.1991 Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings. *State ex rel. Oklahoma Bar Association v. Taylor, supra.*

## Count V

¶ 15 In March of 1999 the Bar Association received a grievance from Flor McClary. Two letters, the latter certified, requesting a response from Respondent were sent April 8, 28, 1999. Respondent accepted the certified letter on April 29, 1999. However he did not reply to either letter. A subpoena duces tecum was issued and Respondent's deposition taken on June 9, 1999. The parties stipulate that this conduct violates Rule 5.2 We agree that Respondent's conduct violated Rule 5.2, 5 O.S.1991 Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings. *State ex rel. Oklahoma Bar Association v. Taylor, supra.*

## Count VI and VII

¶ 16 Before the trial panel the Bar Association stated that it "seeks to withdraw the allegations found in paragraphs 6 and 7 of the amended complaint." The Bar Association then announced that it would not present evidence on Counts six and seven of the Amended Complaint. While the Bar may request a dismissal it does not possess the power to dismiss, in part, a complaint filed in

this Court. *State ex rel. Oklahoma Bar Association v. Caldwell,* 1994 OK 57, ¶ 15, 880 P.2d 349, 354–355. Since no evidence was presented on Counts VI and VII of the Amended Complaint those allegations are not supported by clear and convincing evidence, *State ex rel. Oklahoma Bar Association v. Thomas, supra,* and are thus dismissed.

*Count VIII*

■ ¶ 17 In November 1997 Respondent was employed to file suit against the city of Chelsea, Oklahoma. Respondent informed his client on more than one occasion that suit had been filed, and the case "should be set for trial soon." Respondent never filed the suit. At a later time the client told Respondent to not file the suit. The parties stipulate that Respondent's conduct violated Rules 1.1, 1.3, 4.1, and 8.4(c). We conclude that Respondent violated Rules 1.1, 1.3, 1.4, and 8.4(c) of the Rules of Professional Conduct. See our discussion in *Count I* herein of *State ex rel. Oklahoma Bar Association v. Johnston, supra,* and *State ex rel. Oklahoma Bar Association v. Perry, supra.*

■ ¶ 18 The Amended Complaint, Joint Stipulations, and brief of the Bar Association refer to Rule 4.1, and not to Rule 1.4. Rule 4.1 involves making a statement to a "third person", that is, someone other than the client.[5] The Amended Complaint, Joint Stipulations, and brief of the Bar Association do not allege, stipulate, or argue that third persons were involved. The evidence before the trial panel is that Respondent's client was a corporation, and Respondent was hired by Thetford, a representative of the corporation, to file the suit. The statements were made to that individual. No argument or evidence was made before the trial panel, or this

Court, that the corporation's representative should be treated as a third party for the purpose of Rule 4.1, and we decline to do so based upon the record before us. Cf. *State ex rel. Oklahoma Bar Association v. Perry,* 1997 OK 29, 936 P.2d 897, 900, (we discussed a duty to disclose information to client corporation by disclosing information to representatives of corporation).

*Count IX*

¶ 19 In October 1999 the Bar Association received a grievance on behalf of Levi Thetford. Two letters, the latter certified, requesting a response from Respondent were sent October 14, and November 3, 1999. Respondent accepted the certified letter on November 8, 1999, but did not reply to either letter. A subpoena was served on Respondent on April 20, 2000, for the purpose of taking his deposition on May 11, 2000. On May 10, 2000, the Bar Association received a letter from Respondent stating that he would be in Rhode Island on May 11th, would not be present at the deposition, and was uncertain as to when he would return. He did not appear at the deposition and the Bar Association did not agree to continue or cancel the deposition. Parties stipulate that his conduct violates Rules 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App. 1–A, and Rule 8.1(b) of the Rules of Professional Conduct, 5 O.S.1991 Ch. 1, App. 3–A.

■ ¶ 20 We agree that Respondent's conduct violates Rule 5.2. *State ex rel. Oklahoma Bar Association v. Taylor, supra.* Rule 8.1(b) states that in a disciplinary proceeding a lawyer shall not knowingly fail to respond to a lawful demand for information.[6]

---

**5.** 5 O.S.1991 Ch. 1, App. 3–A., Rules of Professional Conduct.
Rule 4.1. Truthfulness in Statements to Others
In the course of representing a client a lawyer shall not knowingly:
   (a) make a false statement of material fact or law to a third person; or
   (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited.

**6.** 5 O.S.1991 Ch. 1, App. 3–A., Rules of Professional Conduct.

Rule 8.1. Bar Admission and Disciplinary Matters
   An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
   (a) knowingly make a false statement of material fact; or
   (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that

The Bar Association has charged lawyers with violating Rule 8.1(b) for failing to appear at a scheduled deposition. *See, e.g., State ex rel. Oklahoma Bar Association v. Robb,* 1997 OK 84, 942 P.2d 196; *State ex rel. Oklahoma Bar Association v. Miskovsky,* 1991 OK 88, 824 P.2d 1090, 1099. We agree that when a lawyer ignores a properly served subpoena and fails to appear at a scheduled deposition by the Bar Association for the purpose of disciplinary proceedings the lawyer has violated Rule 8.1(b), unless excused by some other provision of law. In the present case, Respondent has made no argument that his absence from the hearing should be excused. We conclude that his absence violated Rule 8.1(b).

*Count X*

¶ 21 On March 10, 2000 Respondent was hired by Sam Mahjoub to file suit against a state agency. Mahjoub wanted a suit filed the next week. When Mahjoub telephoned a few days later Respondent informed him that suit had been filed and "promised him that a court date was impending." Shortly thereafter and upon persistent questioning from Mahjoub, Respondent presented him with a copy of a petition that had purportedly been filed in the matter in the District Court of Tulsa County. Respondent had fabricated the petition, and the number assigned on the fabrication had been assigned to an unrelated action. Respondent did not file a petition or bring suit on behalf of Mahjoub. Mahjhoub learned of the fabrication, confronted Respondent, discharged Respondent as counsel, and obtained the file from Respondent, including information obtained by Respondent in negotiations with the agency. Mahjoub then filed a grievance against Respondent on April ·13, 2000. The parties stipulate that Respondent's conduct violated rules 1.1, 1.3, 1.5, 4.1, 8.4(c).

¶ 22 For the reasons discussed in the prior *Counts,* we conclude that Respondent's conduct violated Rules 1.1, 1.3, 1.4, and 8.4(c), of the Rules of Professional Conduct. *State ex rel. Oklahoma Bar Association v. Johnston, supra,* and *State ex rel. Oklahoma Bar Association v. Perry, supra.* Because the allega-tions do not assert that third parties were involved we find no violation of Rule 4.1. See the discussion of Rule 4.1 in *Count VIII.*

Count XI

¶ 23 The Bar Association received the grievance from Mahjoub in April 2000. On April 20, 2000, Respondent was personally served with a letter from the Bar requesting a response to the grievance. No response was made. The parties stipulate that Respondent's conduct violated Rule 8.1(b), Rules of Professional Conduct and Rule 5.2, Rules Governing Disciplinary Proceedings. We agree that Respondent's conduct violated Rules 8.1(b) and 5.2. *State ex rel. Oklahoma Bar Association v. Taylor,* 2000 OK 35, ¶¶ 24–25, 4 P.3d 1242, 1252; *State ex rel. Oklahoma Bar Association v. Patmon,* 1997 OK 62, ¶¶ 30–31, 939 P.2d 1155, 11162.

## DISCIPLINE

¶ 24 Respondent was admitted to the bar in 1982. He was employed with various law firms until 1998. No evidence was introduced challenging the quality of his practice prior to 1998. No bar grievances were lodged against him from 1982 to 1998. He is a member of the Maryland Bar and has never been disciplined by that Bar.

¶ 25 In 1991 his wife died unexpectedly and suddenly while he was attending continuing legal education. He sought and obtained medical treatment for depression in 1993, and for attention deficit disorder in 1997. He contacted Lawyers Helping Lawyers, and was given advice that he needed to see a physician to help him with his depression. He is currently taking medication for depression, attention deficit disorder, and diabetes. In the last few years anniversaries of events related to his marriage have stimulated episodes of depression that have affected his abilities.

¶ 26 For a few years Respondent has operated a taxicab company. The majority of his legal work comes from the taxicab company. On the date of the trial panel hearing Respondent was counsel of record in nine cases

this rule does not require disclosure of informa-tion otherwise protected by Rule 1.6.

unrelated to the taxicab company. He stated that he missed the scheduled deposition because he did not have medication due to his finances, that the absence of medication caused him to experience severe depression, and that he went to Rhode Island to be with relatives. He stated that he would not be without his medication in the future.

¶ 27 The Bar Association states that Respondent engaged in three misrepresentations to three different clients. It observes that Respondent failed to respond to the Bar on several occasions during the disciplinary process. The Bar argues that these acts occurred during a period when Respondent's attention deficit disorder was stabilized. On the other hand, no claim of any client was compromised by Respondent's conduct. Counsel for the Bar Association agreed that none of Respondent's clients had been harmed financially from his conduct. Respondent pointed to this fact before the trial panel, stated that he would not be without his medication in the future, and argued that a recommended discipline in similar cases was censure or a short suspension. The Bar seeks to have Respondent disbarred.

■ ¶ 28 In crafting discipline we seek to make it consistent with that imposed upon lawyers who have committed similar acts. *State ex rel. Oklahoma Bar Association v. Braswell*, 1998 OK 49, ¶ 7, 975 P.2d 401, 404. In *State ex rel. Oklahoma Bar Association v. Spadafora*, 1998 OK 28, 957 P.2d 114, the respondent violated Rules 1.1, 1.3, 1.4, 1.5, and 8.4(c) of the Rules of Professional Conduct. We observed that the lawyer also violated Rule 5.2 of the Rules Governing disciplinary proceedings for failing to timely respond and attend a scheduled disciplinary deposition. We concluded that the lawyer twice failed to provide adequate representation, twice failed to act with reasonable diligence and promptness, failed to keep a client reasonably informed, and misrepresented to a client the status of a legal proceeding. We also concluded that the lawyer twice violated Rule 1.5 (charging a fee that was unreasonable because he failed to do all of the work for which he charged, and failed to account for the unused portion of a fee). In *Spadafora* the lawyer suffered from depression. He claimed that he could not work during certain months in 1996 due to his depression, but evidence from the Bar placed the lawyer in the courthouse during this time. The lawyer's depression had abated when some of the acts of misconduct occurred. In *Spadafora* the lawyer had received a previous reprimand from the Professional Responsibility Commission for neglect of a legal matter. We imposed a suspension of two years and one day.

¶ 29 In *State ex rel. Oklahoma Bar Association v. Busch*, 1996 OK 38, 919 P.2d 1114, we also suspended a lawyer for two years and one day. In that case the lawyer attempted to interpose his attention deficit disorder as a defense to discipline for conduct that is similar to that we are examining today. However, in *Busch* the lawyer had received a prior reprimand, censure, and suspension, for neglect or failing to respond to a grievance. The added element of financial harm to a client was also present in *Busch*.

¶ 30 In *State ex rel. Oklahoma Bar Association v. Patmon*, 1997 OK 62, 939 P.2d 1155, we concluded that the lawyer violated Rules 1.4(b), 5.2 of the Rules Governing Disciplinary Proceedings, and Rules 1.1, 1.3, 1.4(a) & (b), 1.5(a), 1.15, 3.1, 3.2, 3.4(b) & (c), 4.4, 5.3(b), 5.5, 8.1(b), 8.4(a), (c), (d), of the Rules of Professional Conduct. We imposed a suspension of two years and one day. A similar case where we imposed a suspension of two years and one day is *State ex rel. Oklahoma Bar Association v. Wolfe*, 1996 OK 75, 919 P.2d 427, where we found violations of Rules 1.3, 1.4, 1.15, 3.1, 8.1(b) of the Rules of Professional Conduct as well as certain disciplinary rules. These cases also involve an element of financial harm to clients.

¶ 31 In *State ex rel. Oklahoma Bar Association v. Rennie*, 1997 OK 108, 945 P.2d 494, the parties agreed that the lawyer violated Rules 1.1, 1.3, 1.4, and 8.1 of the Rules of Professional Conduct, and Rule 5.2, Rules Governing Disciplinary Proceedings. The trial panel further concluded that the lawyer violated Rule 8.4(c) and (d). The lawyer had received two prior private reprimands. We imposed a suspension of one year.

¶ 32 The record is clear that Respondent sought and obtained needed medical assistance for his conditions prior to his professional misconduct, and that he was negligent in maintaining his medical regimen. Respondent candidly stated at the trial panel that he committed misconduct, including untruthful statements to clients as well as a statement in the deposition and the fabrication of an unfiled "petition". This Court is concerned when a lawyer makes misrepresentations to clients, and we expressed this concern in *Spadafora.* 1998 OK 28, at ¶ 40, 957 P.2d at 120. Both clients and courts rely upon the truthfulness of lawyers. Although Respondent has not received previous discipline and his conduct did not financially damage the client, his misconduct is more egregious than that discussed in *Rennie.* We accordingly order Respondent suspended from the practice of law for a period of two years and one day commencing on the day this opinion is final. Respondent is further ordered to pays costs of this proceeding in the amount of $1,452.87 within ninety (90) days of the date this opinion is final. See Rule 6.16, 5 O.S. 1991 Ch. 1, App. 1–A, Rules Governing Disciplinary Proceedings.

¶ 33 HARGRAVE, C.J., HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU, and WINCHESTER, JJ., concur.

¶ 34 WATT, V.C.J., dissents.

WATT, V.C.J., dissenting.

¶ 1 I would disbar this Respondent from the practice of law.