STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Katherine HINE, Respondent.

No. SCBD 4155.

Supreme Court of Oklahoma.

April 22, 1997.

Janis Hubbard Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Katherine Hine, Columbus, OH, Pro Se.

LAVENDER, Justice.

In this disciplinary proceeding against a lawyer we are called upon to decide an issue of first impression: whether a licensed practitioner *who is not an advocate for any parties* in a pending case may nonetheless communicate *ex parte* with the trial judge about issues in the matter which the court has under consideration.

## I

### PROCEDURAL AND FACTUAL HISTORY

In her capacity as a member of the child advocacy group, Stop Child Abuse Now

[SCAN], Katherine Hine [Hine or respondent]—a licensed lawyer—was contacted by Ruth Fulton, who asked her for SCAN's help in dealing with the suspected sexual abuse of Fulton's grandson (by the child's mother and certain innately related family members). The grandson was the object of a pending child-custody suit [Perry v. Perry[1]] in the LeFlore County District Court. *Hine did not represent any parties in the case.*

After conversing with Fulton and her son, David Perry, respondent contacted Belva Brooks Barber (Mr. Perry's counsel) and asked her how the Department of Human Services had handled the inquiry into the grandson's alleged sexual abuse.

Based upon the information garnered from Fulton, Perry and the one conversation with Barber and *sans* independent investigation of the facts, respondent composed the September 21, 1995 letter which she faxed to Judge Michael Lee on September 22, 1995—the scheduled hearing date on a motion to modify custody in the *Perry* case. The fax was on SCAN letterhead, was signed by Hine and seven other SCAN members and contained facts *material* to the case's issues.[2] Although one of the phone numbers listed on the letterhead was the respondent's, Hine's status as a licensed lawyer was not otherwise reflected on the correspondence.[3] Respondent testified that copies of the letter were mailed to the counsel of record in *Perry* the same morning that it was sent to the judge. She also explained that she was a one-person office, did her own typing and had used addresses (from a borrowed 1993 Oklahoma Legal Directory) which, as it turned out, were not current.[4] The counsel of record in the *Perry* case testified that the *only* copy of the letter which either ever received was the one which Judge Lee provided them the morning he received the fax.

1. The pending suit was *Perry v. Perry*, JFD –91–619. Mr. Perry was represented by Belva Brooks Barber and Mrs. Perry was represented by Robert A. Wallace.

2. The fax specifically referred to the *Perry* case and interjected into the hearing facts concerning the alleged sexual abuse of the boy (then in his mother's custody). The correspondence questioned the Department of Human Services' response to the alleged abuse and the accuracy of the LeFlore County Child Welfare and DHS's investigations in the case. The SCAN letter also informed the court that its temporary order was being disregarded.

3. The sheet accompanying the fax also reflected the respondent's office phone number.

4. Barber testified that while her street address had changed, during all relevant times her post office box number remained the same.

Both Robert A. Wallace and Belva Brooks Barber filed complaints against Hine characterizing the SCAN letter as an unsolicited *ex parte* communication with the judge in a pending case. This disciplinary proceeding was then commenced by a one-count complaint—brought pursuant to Rule 6, Rules Governing Disciplinary Proceedings [RGDP], 5 O.S.1991, Ch. 1, App. 1–A—charging Hine with violating the provisions of Rules 3.3 [5], 3.5 [6], and 8.4(d) [7], Oklahoma Rules of Professional Conduct [ORPC], and Rule 1.3 [8], RGDP. After considering the adduced evidence, the Professional Responsibility Tribunal [PRT] made findings of fact but declined (a) to fashion conclusions of law or (b) to recommend a measure of discipline. In its report the PRT observed that the constitutional issue [9] raised by the respondent was beyond its purview.

## II

## STANDARD OF DETERMINATION IN BAR DISCIPLINARY PROCEEDINGS

The standard of determination for bar disciplinary proceedings enunciated in *State ex rel. Oklahoma Bar Association v. Todd*, 833 P.2d 260 (Okla.1992) is applicable. There the court held:

> In attorney disciplinary proceedings this Court's determinations are made *de novo*. The ultimate responsibility for deciding whether misconduct has occurred and what discipline is warranted if misconduct is found rests with us in the exercise of our exclusive original jurisdiction in bar disciplinary matters. Accordingly, neither the findings of fact of a Professional Responsibility Tribunal (PRT) nor its view of the evidence or credibility of witnesses are binding on us and recommendations of a PRT are merely advisory. (citations omitted)

*Id.* at 262.

In a *de novo* review, in which this court exercises its nondelegable power to regulate both the practice of law and legal practitioners,[10] a full-scale exploration of all relevant facts is mandatory.[11] To impose discipline upon a lawyer in a contested case the charges must·be proved by clear and convincing evidence.[12] *See* Rule 6.12(c), RGDP.

5. The pertinent terms of Rule 3.3, ORPC, 5 O.S. 1991, Ch. 1, App. 3–A, provide:

> (a) A lawyer shall not knowingly:
> (1) make a false statement of fact or law to a tribunal;
> * * * * *
> (4) offer evidence that the lawyer knows to be false. . . .

6. The pertinent terms of Rule 3.5, ORPC, 5 O.S. 1991, Ch. 1, App. 3–A, provide:

> A lawyer shall not:
> (a) seek to influence a judge ... except as permitted by law or the rules of a tribunal;
> (b) in an adversary proceeding, communicate or cause another to communicate as to the merits of the cause, with a judge or an official before whom the proceeding is pending except:
> * * * * *
> (2) in writing if the lawyer promptly delivers a copy of the writing to the opposing counsel or to the adverse party if not represented by a lawyer. . . .

7. The pertinent provisions of Rule 8.4(d),, ORPC, 5 O.S.1991, Ch. 1, App. 3–A, are:

> It is professional misconduct for a lawyer to:
> (d) engage in conduct that is prejudicial to the administration of justice. . . .

8. The provisions of Rule 1.3, RGDP, 5 O.S.1991, Ch. 1, App. 1–A, are:

> The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

9. Hine defended her communication with the district court judge as an exercise in freedom of expression protected by the First Amendment. U.S. CONST.

10. *State ex rel. Okla. Bar Ass'n v. Raskin*, 642 P.2d 262, 265 (Okla.1982); *Tweedy v. Okla. Bar Ass'n*, 624 P.2d 1049, 1052 (Okla.1981).

11. *State ex rel. Okla. Bar Ass'n v. Dugger*, 385 P.2d 486 (Okla.1963).

12. *State ex rel. Oklahoma Bar Association v. Miskovsky*, 824 P.2d 1090, 1093 (Okla.1991). *See also In the Matter of C.G.*, 637 P.2d 66, 71 n. 12 (Okla.1981), where *clear and convincing* evidence was defined as:

## III

### HINE'S COMMUNICATION WITH THE TRIAL JUDGE VIOLATES THE STANDARD OF PROFESSIONAL CONDUCT WHICH IS EXPECTED OF AN OFFICER OF THE COURT

The court's responsibility in a disciplinary proceeding is not to punish but to inquire into the lawyer's continued fitness, with a view to safeguarding the interests of the public, of the courts and of the legal profession.[13] The circumstances of a lawyer's professional misconduct (see Rule 6[14]) are important in searching for solutions that would accord with the law's imperative of ensuring the public its due protection from substandard lawyers.[15]

The respondent would have the court focus on the fact that she sent the SCAN letter to Judge Lee in her capacity as a private citizen. Hine—though not an advocate in the cause before the district court—was nonetheless *an officer of the court*.[16] As such, she owed a special duty to the judicial system— an obligation of respect greater than that

> "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation sought to be established (citations omitted)."

**13.** *State ex rel. Okla. Bar Ass'n v. Donnelly,* 848 P.2d 543, 545–46 (Okla.1992); *State ex rel. Okla. Bar Ass'n v. Colston,* 777 P.2d 920, 925 (Okla. 1989); *State ex rel. Okla. Bar Ass'n v. Moss,* 682 P.2d 205, 207 (Okla.1983); *State ex rel. Okla. Bar Ass'n v. Harlton,* 669 P.2d 774, 777 (Okla.1983); *Raskin, supra* note 10 at 267.

**14.** Rule 6 (Formal Proceedings Before Supreme Court and Professional Responsibility Tribunal), Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, requires the Bar to set forth in its complaint the *"specific facts constituting the alleged misconduct."* [Emphasis added.]

**15.** *Donnelly, supra* note 13 at 547–48.

**16.** *Chief Justice Cardozo in People ex rel. Karlin v. Culkin,* 248 N.Y. 465, 162 N.E. 487, 489 (1928), noted that a lawyer admitted to practice "[w]as received *into* that ancient fellowship for something more than private gain. He became an *officer of the court,* and, like the court itself, an instrument or agency to advance the ends of justice." [Emphasis added.] Of relevance also is the oft-repeated statement of Cardozo, J., that "[m]embership in the bar is a privilege burdened

owed by other participants in the legal process.[17]

The respondent correctly argues that the rules governing *ex parte* communications *by advocates* do not apply to her.[18] The standards of practice enumerated in Rules 3.1 *et seq.,* ORPC, are designed to govern the behavior of litigants and their counsel actively involved in the legal process. Otherwise, that section's caption, "ADVOCATE", is rendered meaningless.[19] This is not to say that lawyers—who are *non-advocates*—can interject themselves in a case pending before the district court without impunity.

▇ Because of her license to practice law, Hine is obligated as an officer of the court not to engage in conduct that is prejudicial to the administration of justice. Rule 8.4(d), ORPC.[20] In this cause we are *not* concerned with communications to the press or other public fora. *Here the respondent communicated directly with a trial judge, sitting in a pending cause, with the intent to influence him on the proceeding's merits.*

with conditions." *In re Rouss,* 221 N.Y. 81, 84, 116 N.E. 782, 783 (1917).

**17.** *See State ex rel. Oklahoma Bar Assn. v. Porter,* 766 P.2d 958 (Okla.1988), where the court held:

"A member of the legal profession is subject to reasonable restraint in his professional behavior *exceeding* those which exist in respect to the general public." *Id.* at 962. [Emphasis added.]

**18.** Because we hold the provisions of Rule 3.1 *et seq.,* RGDP, do not govern the respondent's conduct as a non-advocate we need not reach the issue whether or not she mailed copies of the SCAN fax to the counsel of record in *Perry.*

**19.** Statutory language is not to be construed in a manner that would render it meaningless. *See Strelecki v. Okla. Tax Com'n,* 872 P.2d 910, 920 n. 69 (Okla.1993); *Anderson v. O'Donoghue,* 677 P.2d 648, 651 (Okla.1983); *In re Supreme Court Adjudication, Etc.* 597 P.2d 1208, 1210 (Okla. 1979).

**20.** For the pertinent terms of Rule 8.4(d), see *supra* note 7. For a deeper perspective of a practitioner's obligations as an officer of the court, see Eugene R. Gaetke, "Lawyers as Officers of the Court", 42 Vand.L.Rev. 39, 51–56 (1989).

■ While this court has not previously circumscribed the reach of Rule 8.4(d), ORPC, the rule's intent mandates that the respondent's conduct be assayed against a reasonable-likelihood-of-material-prejudice standard. This standard is to be applied to the facts in the statements and the circumstances under which they were made—including time, place and the respondent's justifications for the conduct. If Hine knew or should have known that there was a reasonable likelihood her actions would materially prejudice the pending adjudicative proceeding, discipline is appropriate. The standard which the court adopts today fosters and protects the State's interest in fair trials and delimits the outer contours of that conduct which—if engaged in by a licensed lawyer—would offend Rule 8.4(d).

■ While the SCAN letter contains speech of a mixed character,[21] the language used was published to no one other than the trial judge. Had Hine's offending speech been contained in a statement to the public media—as was the practitioner's offending conduct in *State ex rel. Okla. Bar Ass'n. v. Porter,* 766 P.2d 958, 961 (Okla.1988) or in *Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1034, 111 S.Ct. 2720, 2724, 115 L.Ed.2d 888 (1991)—a different test might have applied. Such is not the case. The evidence is *clear and convincing* that the SCAN letter representations were communicated directly to the trial court with the underlying intention of influencing the outcome of the *Perry* child-custody hearing. We express no opinion today regarding a [non-advocate] lawyer's statements about a pending case made to persons other than the presiding trial judge.

As recognized by the Court in *Gentile,* 501 U.S. at 1058, 111 S.Ct. at 2736, "the American trial remains one of the purest, most rational forums for the lawful determination of disputes." The admonition of Holmes, J., in *Patterson v. Colorado ex rel. Attorney General of Colorado,* 205 U.S. 454, 463, 27

S.Ct. 556, 558, 51 L.Ed. 879 (1907), remains sound even to this day. He stated, *"[w]hen a case is finished,* courts are subject to the same criticism as other people, but the propriety and necessity of preventing interference with the course of justice by *premature* statement, argument or intimidation hardly can be denied." [Emphasis added.] When the timing and acknowledged intent of the respondent's letter to Judge Lee in a pending case are weighed against the above standards, there is no doubt that Hine's conduct requires the imposition of discipline. As a licensed practitioner, she either knew or should have known that the facts—which she intentionally interjected into the trial process—had not been tested by being run through the gamut of the adversarial process, regardless of the court's ultimate decision on the matter.[22] Measured at the time Hine faxed the SCAN letter to the sitting judge, there was a reasonable likelihood that her conduct would materially prejudice the child-custody hearing. The interjection of material facts into a pending adjudicative proceeding by lawyers who are non-advocates has the potential of causing a judge to recuse himself, of increasing the litigation's costs for the parties, and of affecting the advocates' representation of their clients by interfering with their trial strategies[23]—all to the prejudice of the administration of justice. Being an officer of the court demands greater respect for the integrity of judicial process than that demonstrated by the respondent.

## IV

## CONCLUSION

Respondent intentionally interjected into a pending adjudicative process facts material to the issues before the court with the intent to influence the case's resolution. Although a non-advocate in the matter, as a licensed

---

**21.** Part of the SCAN letter is directed at the Department of Human Services and other agencies' performance and is political in character. The fax's unsubstantiated assertions that the child was sexually abused by his mother and other relatives is best characterized as hearsay concerning the fitness of Ms. Perry to retain custody and of very limited pertinence to our governmental system's operation.

**22.** Judge Lee testified that the SCAN letter did not prejudice his decision in the *Perry* case.

**23.** *See* Hearing Tr. pp. 136–38, 146–148.

lawyer Hine had to appreciate the reasonable likelihood of prejudice to the administration of justice which her acts would wreak. While Rules 3.1 *et seq.*, ORPC, governing the conduct of lawyers as *advocates,* do not apply to the respondent's conduct, Rule 8.4(d) certainly does. As a licensed practitioner and an *officer of the court,* Hine was duty bound to avoid interjecting facts—which she knew had not been tested by the adversarial process—into a pending adjudicative proceeding.

On *de novo* review, we find the Bar's complaint that the respondent engaged in conduct which was prejudicial to the administration of justice amply supported by clear and convincing evidence. Hine's conduct calls for the imposition of discipline. To hold otherwise would be tantamount to approving a licensed lawyer's demonstrated disrespect for the adjudicative process.

In view of the respondent's altruistic motives and other mitigating evidence presented, we conclude that the imposition of a public reprimand is an appropriate disciplinary sanction in this case. Respondent is further required to pay the costs of this proceeding in the amount of $2,801.73 within thirty (30) days after this opinion becomes final.

Upon the publication of this opinion in the official reporter Respondent shall stand publicly reprimanded.

HODGES, SIMMS, HARGRAVE, OPALA and WATT, JJ., concur.

KAUGER, C.J. and WILSON, J., concur in part and dissent in part.

SUMMERS, V.C.J., not participating.