2006 OK 38

**STATE of Oklahoma, ex rel. OKLA-HOMA BAR ASSOCIATION,** Complainant,

v.

**Terry Paul MALLOY, Respondent.**

No. SCBD 4998.

Supreme Court of Oklahoma.

May 30, 2006.

Rehearing Dismissed Sept. 11, 2006.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant, State of Oklahoma ex rel. Oklahoma Bar Association.

Terry Paul Malloy, Tulsa, Oklahoma, pro se Respondent.

WINCHESTER, J.

¶ 1 The Bar filed a complaint against Respondent, pursuant to Rule 6, RGDP, 5 O.S. 2001, Ch. 1, App. 1–A, alleging Respondent engaged in the unauthorized practice of law while on administrative suspension for failure to timely report his annual continuing legal education (CLE). In its Trial Panel Report, the PRT found that Respondent's current misconduct warranted enhancement of punishment and recommended a nine-month suspension of respondent's license. The PRT also recommended that Respondent pay for costs of the proceedings. Respondent asserts his due process rights were violated and seeks dismissal of these proceedings.

## BACKGROUND

¶ 2 Each active member of the Bar is required to complete twelve hours of accredited CLE per calendar year. 5 O.S.2001, Ch. 1, App. 1–B, Rule 3, Rules for Mandatory Continuing Legal Education. An annual report of the attorney's CLE compliance must be filed by February 15 of the following year. 5 O.S.2001, Ch. 1, App. 1–B, Rule 5, Rules for Mandatory Continuing Legal Education. Failure to file the requisite compliance results in the issuance of a sixty-day order to show cause from the Bar, sent by certified mail. 5 O.S.2001, Ch. 1, App. 1–B, Rule 6(c), Rules for Mandatory Continuing Legal Education. Failure to respond to this order, or otherwise show good cause, results in an order of suspension issued by this Court whereby the attorney is prohibited from practicing law in Oklahoma until he is properly reinstated. 5 O.S.2001, Ch. 1, App. 1–B,

Rule 6(d), Rules for Mandatory Continuing Legal Education. . .

¶ 3 Respondent completed the mandatory CLE requirements for 2002 but failed to file his report of compliance with the Bar by February 15, 2003 [1]. Thereafter, on April 18, 2003, the Bar sent Respondent, by certified mail, an order to show cause. The return receipt for this mailing reflects that it was signed for by "Kathleen" on April 21; however, the "restricted delivery" box, for which there is an extra fee, was not checked and Respondent denies receipt of this letter. Respondent also claims that while "Kathleen" worked in his father's law office, she was not his employee nor was she authorized to sign for his certified mail.[2]

¶ 4 When Respondent failed to respond to the show cause order within sixty days, his name was referred to this Court on a recommendation for suspension. On July 3, 2003, we issued an Order of Suspension (the "Order"), Case No. SCBD # 4820, suspending Respondent, and the rest of the named attorneys, from the practice of law. Respondent admits he received a copy of this order sometime in mid-July, 2003.

¶ 5 Despite receipt of the Order in July 2003, it is undisputed Respondent continued to practice law for several months. On February 23, 2004, Margaret E. Travis, opposing counsel in one of Respondent's cases, wrote the Bar, with a copy to Respondent, making a complaint that Respondent was practicing law in violation of his suspension. Shortly thereafter, on March 2, 2004, Respondent sent a letter to the Bar, seeking reinstatement and providing his affidavit of compliance report for his 2002 CLE credit, including a check for reinstatement and late fees. Respondent was reinstated March 15, 2004. Subsequently, the Bar instituted these proceedings against Respondent seeking his suspension for the unauthorized practice of law while under suspension. From the time he

---

**1.** Respondent had a pattern of filing his annual CLE compliance reports out of time. The record reflects that the Bar mailed sixty day show cause orders to Respondent for the years 1997–2004 and that Respondent, prior to the end of the sixty days, submitted his report of compliance and paid the appropriate late fees for all of these years except 2002, the year for which he challenges adequate notice.

**2.** Although we have doubts as to the credibility of this statement, the Bar did not submit any evidence to refute Respondent's testimony on this issue.

received notice of his suspension until the Bar instituted these proceedings, Respondent never attempted to challenge, set aside or otherwise vacate the Order which appears valid on its face.[3] He now asserts the Order is void and should be set aside.

## STANDARD OF REVIEW

¶ 6 In bar disciplinary proceedings, this Court possesses exclusive original jurisdiction. *State ex rel. Oklahoma Bar Ass'n v. Holden,* 1995 OK 25, ¶ 10, 895 P.2d 707, 711. Our review of the evidence is *de novo* in determining if the Bar proved its allegations of misconduct by clear and convincing evidence. RGDP Rule 6.12(c); *State ex rel. Oklahoma Bar Ass' n v. Bolusky,* 2001 OK 26, ¶ 7, 23 P.3d 268, 272. Whether to impose discipline is a decision that rests solely with this Court and the recommendations of the PRT are neither binding nor persuasive. *State ex rel. Oklahoma Bar Ass' n v. Eakin,* 1995 OK 106, ¶ 8, 914 P.2d 644, 648.

## DISCUSSION

¶ 7 Respondent has moved for dismissal of the charges against him on the ground that this Court lacked personal jurisdiction to issue the July 2003 order of suspension. This is so, he argues, because the Bar failed to provide him the requisite notice of its order to show cause, which led to his suspension. Respondent asserts that because he never received the notice to show cause, his due process rights were violated. We agree, but this case does not turn on due process.

¶ 8 Were this an ordinary civil case, we would likely entertain Respondent's argument that because of the due process violation the suspension order should be declared void and set aside.[4] *See Graff v. Kelly,* 1991 OK 71, ¶ 21, 814 P.2d 489, 495–496. However, this is not an ordinary civil case but is instead an attorney disciplinary proceeding involving the alleged unauthorized practice of law by Respondent, an attorney licensed by this Court to practice law in the State of Oklahoma. As an officer of the court, Respondent is held to higher ethical standards than those of a layperson and he has the affirmative duty to obey any order of this Court "except for an open refusal based on an assertion that no valid obligation exists." *See* 5 O.S.1991, Ch. 1, App. 3–A, Oklahoma Rules of Professional Conduct, Rule 3.4(c); *State ex rel. Okla. Bar Ass'n v. Hine,* 1997 OK 52, ¶ 10, 937 P.2d 996. In *Hine,* this Court held that as an officer of the court, an attorney owes "a special duty to the judicial system—an obligation of respect greater than that owed by other participants in the legal process." Respondent is not allowed to hide behind an order he believes is invalid without bringing his refusal to obey the order to this Court's attention.

¶ 9 Here, Respondent took no action to have his suspension vacated despite admitting receipt of the Order sometime after its issuance on July 3, 2003. Respondent could have easily rectified the present situation by immediately bringing the lack of adequate notice to this Court's attention. Instead, Respondent continued to practice law for approximately nine months in knowing disregard of our facially valid Order. Moreover, Respondent knew he remained seriously delinquent with his annual CLE filing for 2002. Respondent only took action to be reinstated after opposing counsel on one of his cases filed an unauthorized practice of law complaint against him with the Bar.

¶ 10 A lawyer's willful disregard of a suspension order "is a serious matter" that undermines the authority of the judicial system and erodes the public trust in our profession. *State ex rel. Okla. Bar Ass'n v. Patterson,* 2001 OK 51, ¶ 31, 28 P.3d 551, 560.

3. Respondent believed no action was necessary to set aside the order since he deemed the order a nullity.

4. The record before this Court does not include the record of the proceedings leading to the issuance of Respondent's Order of Suspension. *See* Case No. SCBD–4820. As such, we do not decide whether a review of the "judgment roll" in that case would lead to the conclusion that the Order was "void" or merely "voidable," in which case Respondent would have had to have taken affirmative action to set aside the Order. *See Vance v. Federal Nat'l Mortgage Ass'n,* 1999 OK 73, ¶ 8, 988 P.2d 1275, 1279. The Order appears valid on its face.

Respect for judicial rulings is essential to the proper administration of justice and this Court will not tolerate disobedience of its orders. *State ex rel. Oklahoma Bar Ass'n v. Holden*, 1996 OK 88, ¶ 7, 925 P.2d 32, 36. Respondent should have taken timely and appropriate steps within the framework of the law to contest the validity of the Order. Instead, Respondent let many months pass while he continued to practice law in knowing violation of this Court's Order. Respondent's actions demonstrate total indifference to his obligations as a member of the Bar, are disrespectful of the Court, and cannot go undisciplined.

## ENHANCEMENT

¶ 11 We find that the enhancement considerations set forth by the PRT in its report have merit. Respondent has been disciplined four prior times, consisting of three private reprimands and one public censure. In one instance, Respondent was reprimanded for conduct prejudicial to the administration of justice and, in another, he was reprimanded for failing to cooperate with a Bar investigation. Respondent's history of professional misconduct is an appropriate factor in considering his discipline in this case.

## DISCIPLINE

▇▇▇▇ ¶ 12 Upon review of the record before us, we find that Respondent engaged in conduct that violates Rules 3.4 and 5.5, ORCP, and Rule 1.3, RGDP.[5] In determining an appropriate measure of discipline, we look to other cases where discipline has been imposed on lawyers for similar acts of professional misconduct. *State ex rel. Bar Ass'n v. Eakin*, 1995 OK 106, ¶ 9, 914 P.2d 644, 648. We have "generally imposed severe discipline for the unauthorized practice of law by a lawyer whom we have suspended." *State ex rel. Okla. Bar Ass'n v. Patterson*, 2001 OK 51, ¶ 30, n. 16, 28 P.3d 551, 567, n. 16 (Dissenting in part, Opala, J)(citing several cases where attorneys were disbarred or given lengthy suspensions in cases where the attorneys engaged in the unauthorized practice of law as well as other acts of misconduct).[6]

▇▇▇▇ ¶ 13 Respondent's pattern of conduct in his defiance toward our order of suspension, his repeated disregard for the rules of his profession, and his refusal to take responsibility for his actions demonstrates that his prior discipline has been insufficient to deter his unprofessional behavior. We accept the PRT's unanimous recommendation that Respondent's license to practice law be suspended for nine months, the approximate length of time Respondent continued his law practice in blatant disregard of our order of suspension.

## CONCLUSION

¶ 14 Respondent's license to practice law is suspended for nine months from the date of

---

5. The evidence supports a finding that Respondent violated Rule 3.4(c), ORPC, although not charged in the complaint. The fact that the Bar did not specifically charge a violation of this rule is irrelevant. *State ex rel. Oklahoma Bar Association v. Bedford*, 1997 OK 83, 956 P.2d 148. Where the Bar pleads sufficient facts to put an attorney on notice of the violations charged against him and allows him an opportunity to respond, this is sufficient. *Id.*, citing *State ex rel. Oklahoma Bar Association v. Johnston*, 1993 OK 91, 863 P.2d 1136. Here, the crux of the Bar's complaint against Respondent centered on his disregard of the order of suspension. The Bar's complaint sufficiently put Respondent on notice that it was seeking discipline against him for violating this order and engaging in the unauthorized practice of law.

6. *See, e.g., State ex rel. Okl. Bar Ass'n v. Downing*, 1993 OK 44, 863 P.2d 1111 (disbarment for attorney who engaged in the unauthorized practice of law during a period of suspension, lied to a client about the status of a case and about his ability to continue with the representation, and failed to act with reasonable diligence and competence); *State ex rel. Okl. Bar Assn. v. Wolfe*, 1997 OK 47, 937 P.2d 988 (disbarment for attorney who, in addition to engaging in the unauthorized practice of law while under suspension, had a history of disciplinary problems, neglected client matters, refused to take responsibility for his actions, and disregarded the disciplinary process); *State ex rel. Okl. Bar Assn. v. Holden*, 1996 OK 88, 925 P.2d 32 (suspension of two years and one day for attorney who disregarded this Court's suspension order almost from the date it was issued and misrepresented his actions in his response to the grievance inquiries of the Bar). *But see State ex rel. Okla. Bar Ass'n v. O'Neal*, 1993 OK 61, 852 P.2d 713 (attorney publicly censured for unauthorized practice of law while under suspension for non-payment of bar dues and non-compliance with CLE requirements).

this opinion. The Bar's application to assess the costs of this proceeding in the amount of $1,019.66 is granted. Respondent is ordered to pay the assessed amount within sixty days.

CONCUR: WATT, C.J., LAVENDER, HARGRAVE, OPALA, EDMONDSON, TAYLOR, COLBERT, JJ.

CONCURS IN PART; DISSENTS IN PART: KAUGER, J.

