STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NICHOLS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NICHOLS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. NICHOLS
2021 OK 28
488 P.3d 734
Case Number: SCBD-6888
Decided: 05/25/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 28, 488 P.3d 734

 
 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
BRANDON S. NICHOLS, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 Complainant State of Oklahoma ex rel. Oklahoma Bar Association charged Respondent Brandon S. Nichols with two counts of professional misconduct including: (1) his failure to timely notify his clients and withdraw from their cases upon receiving a one year suspension for his failure to comply with his mandatory continuing legal education requirements for the year 2018, and (2) for engaging in the unauthorized practice of law during his one year suspension. The Professional Responsibility Tribunal recommended Respondent be suspended for one year from the last date of Respondent's unauthorized practice of law. We hold there is clear and convincing evidence that the totality of Respondent's actions warrant suspension for two years from the last date of Respondent's unauthorized practice of law. Respondent is ordered to pay the costs as herein provided within ninety days after this Opinion becomes final.

RESPONDENT IS SUSPENDED FOR TWO YEARS,
EFFECTIVE FROM THE LAST DATE OF RESPONDENT'S 
UNAUTHORIZED PRACTICE OF LAW ON NOVEMBER 27, 2019,
AND ORDERED TO PAY COSTS. 

Stephen L. Sullins, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

KANE, V.C.J.:

¶1 Complainant State of Oklahoma ex rel. Oklahoma Bar Association (OBA) began disciplinary proceedings pursuant to Rule 6, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch.1, app. 1-A, alleging two counts of professional misconduct against the Respondent Brandon S. Nichols. Respondent is a suspended member of the Oklahoma Bar Association per this Court's Order of June 10, 2019, for his failure to comply with his mandatory continuing legal education (MCLE) requirements for the calendar year 2018. The Complainant's allegations arise from Respondent's actions during this one year suspension in violation of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011, ch. 1, app. 3-A, and the RGDP, and are cause for professional discipline.

I. FACTS AND PROCEDURAL HISTORY

¶2 Respondent was licensed to practice law in the State of Oklahoma on April 20, 2001. Respondent was suspended from the practice of law by Order of this Court on June 10, 2019, for failure to comply with his MCLE requirements for the calendar year 2018.[1]

 

¶3 Respondent was advised of his one year suspension by letter from the Executive Director of the OBA enclosing this Court's Suspension Order. Thereafter, per Order of this Court on September 14, 2020, Respondent's name was stricken from the Roll of Attorneys for the State of Oklahoma, as well as the Membership Roll of the OBA.[2] Respondent remains suspended.

¶4 On January 6, 2020, the OBA filed a formal Complaint against Respondent alleging two counts of professional misconduct.[3] The Complaint alleges Respondent failed to comply with his mandatory duties under Rules 1.16(a) (lawyer shall withdraw from representation),[4] 5.5 (unauthorized practice of law),[5] and 8.4(a) (misrepresentation),[6] ORPC, and Rules 1.3 (discredit of profession)[7] and 9.1 (notice to clients of suspension),[8] RGDP. Complainant alleges Respondent continued to practice law during his one year suspension which constitutes the unauthorized practice of law pursuant to Rule 5.5, ORPC. Complainant alleges Respondent failed to notify his clients of his one year suspension and failed to withdraw from those cases as required under Rule 9.1, RGDP.

¶5 Respondent failed to file a formal responsive pleading to the Complaint as required by Rule 6.4 (Response to Complaint)[9], RGDP. As a result, on March 3, 2020, Complainant filed a Motion to Deem Allegations Admitted.[10] 

¶6 On March 4, 2020, a three person panel of the Professional Responsibility Tribunal (PRT) conducted an evidentiary hearing. Respondent did not appear. On June 12, 2020, the PRT submitted a written report detailing the pertinent facts, applicable law, and rule violations. The PRT found by clear and convincing evidence Respondent violated Rules 1.16(a), 5.5, and 8.4(a), ORPC, and Rules 1.3 and 9.1, RGDP, that discipline was warranted, and recommended the imposition of a one year suspension from the last date of Respondent's unauthorized practice of law, which was on or about November 27, 2019.

II. STANDARD OF REVIEW

¶7 In bar disciplinary proceedings, this Court possesses exclusive original jurisdiction. See State ex rel. Okla. Bar Ass'n v. Holden, 1995 OK 25, ¶ 10, 895 P.2d 707, 711. Our review of the evidence is de novo in determining if the Complainant proved its allegations of misconduct by clear and convincing evidence. Id.; State ex rel. Okla. Bar Ass'n v. Bolusky, 2001 OK 26, ¶ 7, 23 P.3d 268, 272. Clear and convincing evidence is that measure or degree of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. See State ex rel. Okla. Bar Ass'n v. Green, 1997 OK 39, ¶ 5, 936 P.2d 947, 949.

¶8 Whether to impose discipline is a decision that rests solely with this Court, and the recommendations of the PRT are neither binding nor persuasive. See State ex rel. Okla. Bar Ass'n v. Eakin, 1995 OK 106, ¶ 8, 914 P.2d 644, 648. To make this assessment, we must receive a record that permits "an independent on-the-record determination of the critical facts" and impose appropriate discipline. State ex rel. Okla. Bar Ass'n v. Schraeder, 2002 OK 51, ¶ 6, 51 P.3d 570, 574.

¶9 The Complainant submitted the record in this case which consisted of: (1) the pleadings filed with the Supreme Court; (2) the transcript of Respondent's hearing before the PRT on March 4, 2020; (3) Complainant's Exhibits 1-11; (4) Complainant's Application to Assess Costs in the amount of $397.05, filed on June 12, 2020; and (5) the Trial Panel Report filed on June 12, 2020. We agree that the record before us is complete.

III. THE GRIEVANCES 

A. Count I - Respondent's One Year Suspension and Failure to Comply with Rule 9.1, RGDP

¶10 Respondent was suspended from the practice of law on June 10, 2019, for failure to comply with his MCLE requirements for calendar year 2018. The OBA mailed Respondent's suspension letter to his official roster address. The suspension letter not only advised Respondent of his suspension and his mandatory obligations under Rule 9.1, RGDP, but it also emphasized that he must inform his clients of his suspension "within TWENTY (20) DAYS FROM the date of the enclosed Order." The OBA suspension letter also advised Respondent about the procedure for seeking reinstatement.

¶11 Pursuant to Rule 9.1, RGDP, Respondent was required to notify by certified mail all of his clients with pending legal business of his inability to represent them and their need for new counsel by certified mail, file a formal withdrawal as counsel of record in all pending cases before any tribunal, and file an affidavit with the PRT and the Clerk of the Supreme Court stating that he complied with Rule 9.1, RGDP. Respondent was required to do all of these things within twenty days of receiving his letter of suspension, yet he did not. See Rule 9.1, RGDP.

¶12 The June 10, 2019 letter from the OBA to Respondent, enclosing this Court's Suspension Order of the same date, also emphasized that Respondent's "[f]ailure to cease and desist with the practice of law in the State of Oklahoma" and/or his "continued practice of law" would be "an unauthorized act which may subject [him] to adverse legal consequences and may jeopardize any future privileges of practicing law in this State."

¶13 Despite these warnings, Respondent failed to formally respond to the Complaint. As a result, the allegations of the Complaint were deemed admitted. See Rule 6.4, RGDP. Respondent also failed to attend his own disciplinary hearing before the PRT. Respondent's name was stricken from the Roll of Attorneys for the State of Oklahoma, as well as the Membership Roll of the OBA, on September 14, 2020.

B. Count II -- The Davidson Grievance

¶14 On October 28, 2019, the Office of the General Counsel received a grievance from Priscilla Davidson dated October 8, 2019 (Davidson Grievance), alleging Respondent was practicing law without a license. Davidson alleged she received a letter from Respondent dated September 30, 2019, in which Respondent identified himself as being a lawyer. Davidson stated that she searched Respondent's name on the OBA website and found information which led her to believe Respondent's law license had been suspended.

¶15 On November 5, 2019, the OBA mailed a letter to Respondent's official roster address, enclosing a copy of the Davidson Grievance and advised him he was required to respond within twenty days pursuant to Rule 5.2, RGDP.[11] On November 27, 2019, Respondent provided his written response to the Davidson Grievance wherein he admitted he failed to meet his MCLE requirements for calendar year 2018. Respondent stated he did not receive the letter from the OBA advising him of his suspension, but he did not deny that the letter was sent to him. Respondent also claimed he first learned of his suspension when Davidson called and told him he had been suspended. Upon receiving such information, Respondent stated he filed motions to withdraw in all of his pending cases, advised all of his clients of his suspension from the practice of law, and had not practiced law since. Respondent also stated he had completed all of his MCLE requirements for calendar year 2019, but that he still lacked four hours of MCLE for calendar year 2018.

C. Respondent's Failure to Fully Cooperate with the OBA's Investigation and 
His Failure to Attend His Own Disciplinary Hearing before the PRT

¶16 Respondent made assurances to the OBA upon receipt of the Davidson Grievance that he wanted to resolve his compliance issues. For example, Respondent met with OBA investigator Jamie Lane on November 6, 2019, concerning the Davidson Grievance and pledged to cooperate with the investigation. However, after Respondent submitted his written response to the Davidson Grievance, Respondent failed to respond to multiple emails and/or return phone calls from the OBA concerning additional questions the OBA had about the Davidson Grievance. Thereafter, on March 4, 2020, Respondent continued his lack of responsiveness and failed to appear for his own disciplinary hearing before the PRT.[12]

IV. THE RULE VIOLATIONS

¶17 The PRT filed its Report on June 12, 2020. The PRT found by clear and convincing evidence that Respondent violated Rules 1.16(a), 5.5, and 8.4(a), ORPC, and Rules 1.3 and 9.1, RGDP, that discipline was warranted, and recommended the imposition of a one year suspension from the last date of Respondent's unauthorized practice of law, which they calculated was on or about November 27, 2019, and that he be ordered to pay the costs of these proceedings.

¶18 We find by clear and convincing evidence that Respondent violated Rule 5.5, ORPC, by participating in the unauthorized practice of law after his suspension. Not only were the allegations from the Complaint deemed admitted for Respondent's failure to formally respond, but the pertinent allegations of the Complaint were also supported by the testimony of witnesses Davidson and OBA investigator Lane and the other evidence admitted at the PRT hearing. Specifically, in regards to the Davidson Grievance, Respondent first participated in the unauthorized practice of law when he sent the September 30, 2019 demand letter to Davidson and then again, when he spoke with Davidson on the phone regarding the demand letter and Davidson's suspicions that Respondent's professional license had been suspended. Respondent's admission to OBA investigator Lane that he had three active and open cases pending, approximately five months after his suspension, supports Respondent's unauthorized practice of law in violation of Rule 5.5, ORPC. In addition to Respondent's admission to Lane, the evidence presented to the PRT overwhelmingly supports Respondent's unauthorized practice of law in violation of Rule 5.5, ORPC. Specifically, while knowingly suspended, Respondent filed in three separate cases the following pleadings: (1) a petition; (2) an entry of appearance and reservation of time in which to answer or otherwise plead; and (3) a motion to enter a cause on a non-jury docket and motion for leave to amend a petition.

¶19 We find by clear and convincing evidence that Respondent violated Rule 9.1, RGDP and Rule 1.16(a), ORPC, by failing to notify his clients of his suspension. The evidence submitted clearly shows that Respondent failed to timely notify his existing clients of his suspension in accordance with Rule 9.1, RGDP. While Respondent did file motions to withdraw on November 25, 2019, in two of his three active cases, they were not timely filed within twenty days of his suspension in accordance with Rule 9.1, RGDP, and Respondent failed to withdraw at all in his third active case in violation of Rule 1.16(a), ORPC. Respondent also violated Rule 8.4(a), ORPC, which provides for professional misconduct and discipline in regards to actions committed by violating other ORPC rules. In summary, we hold Respondent violated Rules 1.16(a), 5.5, and 8.4(a), ORPC, and Rules 1.3 and 9.1, RGDP, in regards to both counts as set forth in the Complaint. We further find by clear and convincing evidence that Respondent violated Rule 5.5, ORPC, when he engaged in the unauthorized practice of law after his license was suspended.

V. ANALYSIS

¶20 Discipline is imposed to preserve public confidence in the Bar. See State ex rel. Okla. Bar Ass'n v. Phillips, 2002 OK 86, ¶ 21, 60 P.3d 1030, 1037. Our goal is not to punish, but to gauge an attorney's continued fitness to practice law in order to safeguard the interest of the public, the courts, and the legal profession. Id.; State ex rel. Okla. Bar Ass'n v. Kinsey, 2009 OK 31, ¶ 15, 212 P.3d 1186, 1192. This Court also administers discipline to deter an attorney from similar future conduct and to act as a restraining vehicle on others who might consider committing similar acts. See State ex rel. Okla. Bar Ass'n v. Townsend, 2012 OK 44, ¶ 31, 277 P.3d 1269, 1279. Discipline is fashioned to coincide with the discipline imposed upon other attorneys for like acts of professional misconduct. Id.

¶21 Discipline imposed for the unauthorized practice of law while the lawyer was suspended by this Court has varied because of the additional violations of the ORPC and the RGDP that are found, and discipline has ranged from public censure to disbarment. See In re Reinstatement of Munson, 2010 OK 27, n. 32, 236 P.4d 96, 104-105 (recognizing lawyers who engaged in the unauthorized practice of law while suspended and violated other provisions of the ORPC and/or the RGDP have received public censure, suspensions of six months, nine months, two years and a day, and disbarment).

¶22 The PRT compared Respondent's rule violations to those found in State ex rel. Okla. Bar Ass'n v. Moisant, 2019 OK 55, ¶ 12, 457 P.3d 1040, 1046 (attorney suspended for six months for the unauthorized practice of law after his license was suspended and for failure to properly notify his clients or withdraw from his pending cases), State ex rel. Okla. Bar Ass'n v. Malloy, 2006 OK 38, ¶ 1, 142 P.3d 383, 385 (attorney suspended for nine months for the unauthorized practice of law for failure to file his report of compliance even after he had completed the required MCLE hours), and State ex rel. Okla. Bar Ass'n v. Knight, 2015 OK 59, ¶¶ 34-35, 359 P.3d 1122, 1133 (attorney suspended for two years and one day for the unauthorized practice of law after his license was suspended for failure to pay his bar dues and for his failure to timely and adequately respond to the OBA's requests for information in the disciplinary proceeding).

¶23 In this case, we find that the facts and rule violations align closer to the facts and rule violations found in Knight and that Respondent deserves similar disciplinary treatment. See Knight, 2015 OK 59, ¶¶ 34-35. In Knight, the respondent continued to practice law after his license was suspended by this Court for failure to pay his OBA dues and for his failure to follow the rules for a lawyer with a suspended license. Id. Like the Respondent in this case, the respondent in Knight did not contest that he continued to practice law following his suspension and that he failed to inform his clients of his suspension pursuant to Rule 9.1, RGDP. Id. ¶ 13. The respondent in Knight excused his misconduct based on his lack of knowledge that he was required to immediately withdraw under Rule 9.1, RGDP, clerical problems, and slow mail delivery. Id. ¶¶ 13-14. Respondent makes similar excuses for his behavior in this case. He claims he did not know about Rule 9.1, RGDP, that he did not check the mail as often as he should have, and that the mail was unreliable.

¶24 Finally, the respondent in Knight and the Respondent in this case failed to timely and fully cooperate with the OBA's investigation in regards to their respective disciplinary proceedings. Id. ¶ 3. The respondent in Knight was suspended for two years and one day. Id. ¶ 38. We hold Respondent deserves similar disciplinary treatment.

¶25 In this case, Respondent was aware that he had failed to comply with his 2018 MCLE requirements. Even when notified of his suspension, Respondent failed to perform his duties under Rule 9.1, RGDP, and continued to knowingly participate in the unauthorized practice of law in violation of Rule 5.5, ORPC. We hold Respondent's actions violate the rules of professional conduct and constitute the commission of acts contrary to prescribed standards of conduct.

VI. MITIGATING FACTORS

¶26 Mitigating circumstances may be considered in the process of assessing the appropriate amount of discipline. See Townsend, 2012 OK 44, ¶ 31. Though emotional, psychological, or physical disability may serve to reduce the actor's ethical culpability, it will not immunize one from imposition of disciplinary measures that are necessary to protect the public. Id. The PRT recommended a one year suspension from the date Respondent last engaged in the unauthorized practice of law, which they concluded was on November 27, 2019.

¶27 In this case, Respondent did not formally answer the Complaint; however, Respondent listed a litany of "mitigating factors"[13] that he requested the OBA to consider in his written response to the Davidson Grievance. Despite not raising these factors in a procedurally correct fashion, i.e., in an answer to the complaint, the only relevant factor appears to concern his parents' alleged medical issues in November of 2019. Respondent claims his parents' medical issues caused him to essentially shut down his office. However, such a broad description of Respondent's parents' alleged medical conditions do not rise to the level of emotional, psychological, or physical disability that can serve to reduce the risk of Respondent's culpability, nor does reducing Respondent's discipline in this matter protect the public.

¶28 While Respondent initially spoke with and provided assurances to OBA investigator Lane that he wanted to resolve his compliance issues and responded in writing to the Davidson Grievance, Respondent ultimately became unresponsive. The last communication from Respondent to the OBA was his written response to the Davidson Grievance on November 27, 2019.

¶29 As a direct result of Respondent's inactions, a formal Complaint was filed. The investigation revealed multiple rule violations and Respondent's unresponsiveness to the OBA's request for additional information. It is undisputed that Respondent was served with the Complaint by private process server on January 14, 2020, that Respondent did not file a formal answer to the Complaint, and that he failed to appear at his own disciplinary hearing before the PRT. As a result, we hold that there is insufficient information to support any mitigating circumstances under our case law that would reduce or mitigate the discipline imposed upon Respondent.

VII. ENHANCEMENT

¶30 Respondent was previously disciplined via issuance of a Private Reprimand on September 22, 2017, for a lack of responsiveness to inquiries from the OBA. Respondent's lack of responsiveness to the OBA appears to be a continuing problem despite his Private Reprimand in 2017, which is concerning. However, based on the four corners of the Trial Panel Report it does not appear Complainant seeks enhancement of Respondent's discipline, although the prior Private Reprimand from 2017 is included in the record.

VIII. IMPOSITION OF DISCIPLINE

¶31 Considering all the evidence, including the fact that the Respondent had already been suspended for almost a year at the time of the hearing, the PRT and Complainant recommended Respondent be suspended from the practice of law for a period of one year from the date he last engaged in the unauthorized practice of law, which was on November 27, 2019. However, neither the findings of fact of the trial panel nor its view of the evidence or the credibility of witnesses binds this Court. See State ex rel. Okla. Bar Ass'n v. McCoy, 2010 OK 67, ¶ 6, 240 P.3d 675, 679. The PRT's recommendation is merely advisory. Id. We bear the ultimate responsibility for deciding whether misconduct has occurred and, if so, what discipline is warranted. Id. We do not agree with the recommended discipline.

¶32 A lawyer's willful disregard of a suspension order "is a serious matter" that undermines the authority of the judicial system and erodes the public trust in our profession. State ex rel. Okla. Bar Ass'n v. Patterson, 2001 OK 51, ¶ 31, 28 P.3d 551, 560. Respect for judicial rulings is essential to the proper administration of justice, and this Court will not tolerate disobedience of its orders. See Holden, 1996 OK 88, ¶ 7. While Respondent claimed he was remorseful, he failed to fully cooperate with the OBA as it continued its investigation and failed to attend his own disciplinary hearing before the PRT. Moreover, Respondent continued to practice law even after he admitted he was notified of his suspension by Davidson.

¶33 Respondent's actions demonstrate total indifference to his obligations as a member of the Bar and are disrespectful to this Court. The PRT and Complainant's recommendation to retroactively apply a one-year suspension, which has already expired, does not provide adequate deterrence. We hold that the Respondent's misconduct warrants suspension for two years, effective from the last date of his unauthorized practice of law on November 27, 2019.

VIII. ASSESSMENT OF COSTS

¶34 On June 12, 2020, the Complainant filed an application to assess costs against Respondent in the amount of $397.05, pursuant to Rules 6.13 and 6.15, RGDP. We deem the payment of costs in this matter to be appropriate. The Respondent is ordered to pay the costs of this proceeding in the amount of $397.05 within ninety (90) days after this Opinion becomes final.

RESPONDENT IS SUSPENDED FOR TWO YEARS, 
EFFECTIVE FROM THE LAST DATE OF RESPONDENT'S 
UNAUTHORIZED PRACTICE OF LAW ON NOVEMBER 27, 2019, 
AND ORDERED TO PAY COSTS.

CONCUR: Kane, V.C.J., Kauger, Winchester, Edmondson, Gurich and Rowe, JJ.

DISSENT: Darby, C.J. (by separate writing) and Combs, J.

Combs, J., dissenting
"I would suspend for two years and one day."

FOOTNOTES

[1] See Order of Suspension for Failure to Comply with the Rules for Mandatory Continuing Legal Education, 2019 OK 41, SCBD No. 6800 (June 10, 2019).

[2] See Order Striking Names of Members of the Oklahoma Bar Association for Noncompliance with Mandatory Continuing Legal Education Requirements for the Year 2018, 2019 OK 69, SCBD 6888 (September 14, 2020).

[3] "This Court retains jurisdiction to impose discipline for cause on a lawyer whose name has been stricken from the Roll of Attorneys for non-payment of dues or failure to complete mandatory continuing legal education." Rule 1.1, RGDP, 5 O.S.Supp.2017, ch. 1, app. 1-A.

[4] Rule 1.16(a), ORPC, 5 O.S.2011, ch. 1, app. 3-A provides, in pertinent part:

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where
representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or
other law . . . .

[5] Rule 5.5, ORPC, 5 O.S.2011, ch. 1, app. 3-A provides, in pertinent part:

(a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal
profession in that jurisdiction, or assist another in doing so.

(b) A lawyer who is not admitted to practice in this jurisdiction shall not:

(1) except as authorized by these Rules or other law, establish an office or other systematic and continuous presence in this jurisdiction for the practicing of law; or

(2) hold out to the public or otherwise represent that the lawyer is admitted to practice in this jurisdiction.

[6] Rule 8.4(a), ORPC, 5 O.S.2011, ch.1, app. 3-A provides, in pertinent part:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or
induce another to do so, or do so through the acts of another . . . .

[7] Rule 1.3, RGDP, provides that a lawyer who commits any act contrary to the prescribed standards of conduct, whether in the course of his professional capacity or not, which act would reasonably be found to bring discredit upon the profession, is subject to disciplinary action. It matters not if it is a felony or a misdemeanor, or crime at all. See 5 O.S.2011, ch. 1, app. 1-A.

[8] Rule 9.1, RGDP, 5 O.S.2011, ch. 1, app. 1-A provides:

When the action of the Supreme Court becomes final, a lawyer who is . . . suspended . . . must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. . . . The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Court Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice.

[9] Rule 6.4, RGDP, 5 O.S.2011, ch. 1, app. 1-A provides, in relevant part:

The respondent shall within twenty (20) days after the mailing of the complaint file an answer with the Chief Justice. The respondent may not challenge the complaint by demurrer or motion. In the event the respondent fails to answer, the charges shall be deemed admitted for the purpose of determining the discipline to be imposed.

[10] There is no dispute that Respondent was served with the formal Complaint concerning his suspension. He was ultimately served by private process server on January 14, 2020, after a letter was sent and returned as "unclaimed" at his official roster address with the OBA.

[11] Rule 5.2, RGDP, 5 O.S.2011, ch. 1, app. 1-A provides, in relevant part:

The General Counsel shall . . . (2) file and serve a copy of the grievance . . . upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct . . . . The failure of a lawyer to answer within twenty (20) days after service of the grievance . . . shall be grounds for discipline.

[12] The allegations in the Complaint had already been deemed admitted due to Respondent's failure to file a formal answer to the Complaint pursuant to Rule 6.4, RGDP.

[13] Among other things, Respondent implored the OBA to consider the following "mitigating factors" in regards to the Davidson Grievance: (1) he was not aware of his suspension and upon learning of said suspension, he has not practiced law or advised anyone in legal matters and notified his clients of his "MCLE situation"; (2) since the Davidson Grievance was filed, he has completed all of his MCLE requirements for the calendar years of 2018 and 2019, with the exception of four "live" MCLE hours he still needs to complete for year 2018; (3) he accepted the phone call from OBA investigator Lane concerning the Davidson Grievance and immediately scheduled a meeting for the very next day; (4) he is remorseful; (5) he has fully cooperated with the OBA in regards to the Davidson Grievance; and (6) despite the Davidson Grievance, the trust matter which initiated the Davidson Grievance was resolved.

 

 

DARBY, C.J., dissenting:

¶1 I respectfully dissent.

¶2 As is too often the case with attorneys who do not take care of their business, Mr. Nichols claimed that he never got the first letter advising him of his one year suspension. I place little credence in this excuse. We know Mr. Nichols received the letter for the pending complaint, but he ultimately ignored the Bar's efforts, as before, when he refused to respond to emails or return calls from the OBA and was a no-show at his most recent disciplinary hearing before the PRT. And now the PRT has recommended another one year suspension, and the majority has ordered two years.

¶3 When attorneys break the rules and shrug off potential disciplinary consequences, they erode confidence in the OBA and each of its members. If they do not change their ways, they become a risk to the public -- especially their clients. If Respondent will ignore the OBA, I fear he will ignore his clients, opposing counsel, and the judge.

¶4 Respondent has shown no respect for the OBA or the Court. Until Mr. Nichols proves that he cares about having a license to practice, and abiding by the rules he once swore to follow, I have no interest in allowing him to practice law in Oklahoma.

¶5 I would suspend Mr. Nichols for two years and one day.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 26, 23 P.3d 268, 72 OBJ 832, STATE ex. rel. OKLAHOMA BAR ASSN. v. BOLUSKY
Discussed
 1997 OK 39, 936 P.2d 947, 68 OBJ 1288, State ex rel. Oklahoma Bar Ass'n v. Green
Discussed
 2001 OK 51, 28 P.3d 551, 72 OBJ 1921, STATE ex. rel. OKLAHOMA BAR ASSN. v. PATTERSON
Discussed
 2002 OK 51, 51 P.3d 570, STATE EX. REL. OKLAHOMA BAR ASSOCIATION v. SCHRAEDER
Discussed
 1995 OK 25, 895 P.2d 707, 66 OBJ 1108, State ex rel. Oklahoma Bar Assn. v. Holden
Discussed
 1995 OK 106, 914 P.2d 644, 66 OBJ 3187, State ex rel. Oklahoma Bar Assn. v. Eakin
Discussed
 2002 OK 86, 60 P.3d 1030, STATE ex. rel. OKLAHOMA BAR ASSN. v. PHILLIPS
Discussed
 2006 OK 38, 142 P.3d 383, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MALLOY
Discussed
 1996 OK 88, 925 P.2d 32, 67 OBJ 2288, State ex rel. Oklahoma Bar Assn. v. Holden
Cited
 2009 OK 31, 212 P.3d 1186, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KINSEY
Discussed
 2010 OK 27, 236 P.3d 96, IN THE MATTER OF THE REINSTATEMENT OF MUNSON
Cited
 2010 OK 67, 240 P.3d 675, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. McCOY
Discussed
 2012 OK 44, 277 P.3d 1269, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. TOWNSEND
Discussed at Length
 2015 OK 59, 359 P.3d 1122, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KNIGHT
Discussed at Length
 2019 OK 41, IN THE MATTER OF THE SUSPENSION OF MEMBERS OF THE OKLAHOMA BAR ASSOCIATION
Cited
 2019 OK 55, 457 P.3d 1040, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MOISANT
Discussed
 2019 OK 69, 453 P.3d 489, HUB PARTNERS XXVI, LTD. v. BARNETT
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA